**J. F. LIDDON, Plaintiff-Appellant-Cross Appellee,**

v.

**UNITED STATES of America, Defendant-Appellee-Cross Appellant.**

No. 29373.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1971.

Rehearing Denied Oct. 29, 1971.

T. H. Campbell, Yazoo City, Miss., J. F. Liddon, L. Lamar Beacham, Jackson, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Stephen Schwarz, Attys., Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Division, Department of Justice, Washington, D. C., for the United States.

Before RIVES, THORNBERRY and COLEMAN, Circuit Judges.

RIVES, Circuit Judge:

This appeal and cross-appeal are from a judgment that the United States recover from Liddon the sum of $21,014.94 with 6% interest from and after the date of the judgment, September 26, 1968. The judgment was based on a special verdict which we quote:

*"SPECIAL ISSUE NO. 1:*

"Do you find from a preponderance of the evidence that the Plaintiff, J. F. Liddon, was a responsible person required to collect, truthfully account for, and pay over the withholding and Federal Insurance Contribution Act (social security) taxes of Jax Construction Co., and that he willfully failed to collect, truthfully account for, and pay over such taxes to the United States, for the period October 1, through December 31, 1962, or for any part of this period?

"ANSWER  YES
'Yes' or 'No'

"We, the Jury have answered the above and foregoing special issue, as above indicated, and herewith return the same into court as our verdict.

[Signed by all twelve jurors]

DATED: Sept. 25, 1968"

The verdict and judgment are for the 100% penalty assessed against Liddon, under 26 U.S.C. § 6672, as a responsible "person" who willfully failed to pay over the portion of withholding and social security taxes collected by Jax Construction Company from its employees in the amount of $21,037.28 for the fourth quarter of 1962. As originally entered, the judgment included interest from January 7, 1966, the date of the assessment of penalty. The district court granted Liddon's post-trial motion to alter or amend the judgment by deleting the prejudgment interest and providing for interest from the date of the judgment.

On appeal Liddon contends: (1) that he was entitled to a directed verdict or to judgment notwithstanding the verdict because, (a) the evidence established that he was not a responsible person required to pay over the portion of the withholding and social security taxes collected from Jax's employees, and (b) the evidence further established that Liddon's failure to pay over such taxes to the United States was not willful; (2) that the district court should have held as a matter of law that the withheld taxes for the last quarter of 1962 had been paid by the corporation or, in the alternative, should have submitted that issue to the jury; and (3) that the district court erroneously instructed the jury on burden of proof and on the meaning of "willfully." We find no merit in any of Liddon's contentions and affirm on his original appeal.

The Government's cross-appeal challenges the amendment to the original judgment which deletes prejudgment interest. In the alternative, the Government insists that interest should be calculated from April 13, 1967, the date the Government's counterclaim was filed. We hold with the Government on its alternative contention and modify the judgment accordingly.

## Liddon's Appeal.

1(a). The district court refused to direct a verdict for either party. The evidence established without dispute that Jax Construction Company had collected but had failed to pay over to the Government the employees' portion of withholding and social security taxes in the amount of $21,037.28 for the fourth quarter of 1962. As indicated by the special verdict, the district court submitted to the jury two issues—(1) whether Liddon was a responsible "person" required to pay over the taxes and (2) whether he "willfully" failed to do so.

Liddon had been in the automobile business all of his adult life. In 1961 he held the Chevrolet franchise in Yazoo City, Mississippi. Because of certain health problems, he became interested in taking a less active part in business. A friend persuaded him to invest in Jax Construction Company, a corporation to be organized to engage in the business of "pole line" construction for electrical power lines.

Liddon was to furnish or obtain most of the financing for the corporation. From the organization of the corporation in 1961 until Liddon sold his interest in early February 1963, Liddon was a 50% shareholder and director of the Jax Construction Company. In early 1962 he also became an employee and thereafter drew a salary of $125.00 per week. Liddon's duties related primarily to inspection and purchasing of equipment, renovating and building an office, and financing or securing financing for Jax Construction Company and its affiliate, Mississippi Utilities Equipment Company. He personally endorsed loans made to Jax Construction Company.

At the suggestion of his banker, he had a resolution adopted at the first meeting of the Jax Board of directors in January 1961, authorizing him to execute contracts, arrange loans, sign checks, draw on corporate funds, pay debts and affix the corporate seal to all contracts and agreements. Liddon and J. C. Williams, the secretary-treasurer, were the only persons at the home office vested with authority to sign checks or make withdrawals from the corporate bank ac-

count. Actually, Liddon signed few, if any, checks.

Williams attended to almost all of the check signing, functioned as office manager and supervised the work of two clerical assistants. Williams had been associated with Liddon for about five years and was employed by him as the bookkeeper at his Chevrolet dealership. Liddon hired Williams to work at Jax upon its inception and Williams left Jax's employ in March of 1963, a month after Liddon sold his interest.

■ Liddon's contention that he was not a "responsible person" required to withhold and pay over the taxes is based upon 26 U.S.C. § 6671(b), which defines a responsible "person" as including an officer or employee of a corporation who "is under a duty" to correct and pay over the tax. Liddon's counsel emphasizes the word "duty".

That contention overlooks the basic purpose of the so-called penalty imposed by section 6672. As this Court has heretofore noted, that purpose is simply to provide a remedy to prevent the unnecessary loss of tax funds. Newsome v. United States, 5 Cir. 1970, 431 F.2d 742, 745.

A similar contention was answered by the Ninth Circuit, as follows:

"Graham next contends that he was not a person under § 6672 'required to collect, truthfully account for, and pay over' the taxes in question, since he was not a disbursing officer of the corporation and had no authority to draw or sign checks on the corporation's bank account.

"This again, we feel, is too narrow a construction. The statute's purpose is to permit the taxing authority to reach those responsible for the corporation's failure to pay the taxes which are owing. It would make little sense to confine liability to those performing the mere mechanical functions of collection and payment when such functions are performed simply in accordance with the executive judgment of others whose duty it is to decide for the corporation in this area." United States v. Graham, 9 Cir. 1962, 309 F.2d 210, 212.

Likewise, the Seventh Circuit in Monday v. United States, 421 F.2d 1210, 1214, 1215, said:

"Corporate office does not, *per se*, impose the duty to collect, account for and pay over the withheld taxes. On the other hand, an officer may have such a duty even though he is not the disbursing officer. [Citations omitted.] The existence of the same duty and concomitant liability in another official likewise has no effect on the taxpayer's responsibility. [Citations omitted.] Liability attaches to those with power and responsibility within the corporate structure for seeing that the taxes withheld from various sources are remitted to the Government. [Citations omitted.] This duty is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds. [Citations omitted.]"

A recent annotation in 22 A.L.R.3d 8, 50, well summarizes the holding of the courts.

"The courts have taken a broad view of who is a person responsible for collecting and paying over taxes required to be withheld from employees' wages. Although the mere holding of corporate office does not of itself make for personal liability on the part of the officer, liability for the penalty is not confined to 'disbursing officers' or officers with authority to draw or sign checks.

"In reaching a determination with respect to the person or persons upon whom to impose responsibility and liability for the failure to pay taxes, the courts have tended to disregard the mechanical functions of the various corporate officers, and, instead, have searched for the person or persons who could have seen to it that the tax-

es were paid, a person with ultimate authority over expenditures of corporate funds who can fairly be said to be responsible for the corporation's failure to pay over its taxes." (Citations omitted.)

There is ample evidence to support the jury's verdict that Liddon was a responsible "person." He was one of two corporate agents at its home office who could sign checks, and the other was his righthand man.

1(b). Liddon was fully aware that the taxes were not being paid, while funds were flowing in and out of the corporate checking account. He admitted that there was no failure to pay his own salary or the salary of any of the other corporate employees. Jax's bookkeeper testified that Liddon decided when and what corporate debts should be paid. Apparently those were paid which were necessary to keep the business operating. That system overlooks the fact that the taxes withheld from the employees' wages are held by the corporation as a special fund in trust for the United States. Newsome v. United States, *supra*.

To establish that the jury could properly find that Liddon's failure to pay over the withheld taxes was "willful," we need only mention that in Newsome v. United States, *supra*, 431 F.2d at 746, we held that when the responsible person knows that the withheld funds are being used for other corporate purposes (regardless of his expectation that sufficient funds will be on hand for payment over to the Government), and thus voluntarily and consciously risks the withheld taxes in the operation of the corporation, he does so at his peril and subjects himself to liability under section 6672 if the corporation is unable to remit the withheld taxes.

(2). About a year after Liddon severed his connection with Jax Construction Company, the Internal Revenue Service collected by levy certain assets of the corporation and applied the funds toward various delinquencies, including some of its liabilities for the fourth quarter of 1962. Most of the funds were applied toward direct tax liabilities of the corporation rather than taxes which had been withheld from wages of employees. Liddon claims that this collection constituted a payment by the corporation of the trust fund taxes for the fourth quarter of 1962 and that the district court erred in failing to so hold. Instead, the court ruled as a matter of law that the funds so collected did not constitute a payment of withheld taxes.

Jax's attorney had informed the Internal Revenue Service of the corporation's liabilities when he filed the returns, and had advised the Service where funds were available, but had left the collection efforts up to the Government. No request or direction was made to apply the funds in any particular manner. Clearly, the Internal Revenue Service had the right to apply the funds it collected from Jax's debtors to the debts of the corporation least likely to be collected. Hewitt v. United States, 5 Cir. 1967, 377 F.2d 921, 925; Datlof v. United States, 3 Cir. 1966, 370 F.2d 655, 658.

(3). Liddon's contention that the district court erroneously instructed the jury with respect to the burden of proof and to the question of willfulness is sufficiently answered by the fact that Liddon did not object to the trial court's instructions nor to its refusal to give any requested instructions. As the court noted in denying Liddon's motion for judgment notwithstanding the verdict or in the alternative for new trial, "At the conclusion of the charge to the jury, the plaintiff took no exceptions to the instructions given by the Court and asked for no additional instructions. The only instructions refused were those on behalf of the defendant."

We have nonetheless examined the court's instructions and find them to be correct. Liddon had the burden of proving either that he was not a responsible "person" or that he did not willfully fail to pay over the withheld

**514**

taxes. The district court properly drew no distinction between the burden of proving Liddon's original claim for $22.34 and the Government's counterclaim for $21,014.94. A plaintiff seeking a refund of a partial payment of a section 6672 penalty has the burden of proving that the penalty assessment was erroneous both as to the plaintiff's refund claim and as to the Government's counterclaim for the unpaid balance of the assessment. Lesser v. United States, 2d Cir. 1966, en banc, 368 F.2d 306, 310.

We have briefly discussed all of the contentions of the plaintiff-appellant which in our opinion require discussion, and we find no merit in any of them.

### The Government's Cross-Appeal.

■ In Liddon's post-trial motion to alter or amend the judgment, he called attention that the Government failed to introduce any evidence at the trial to prove the date of notice and demand for the penalty.[1] In opposition, the Government submitted records certified by affidavit going to show that notice and demand for payment were mailed to Liddon on January 7, 1966. The district court nonetheless held:

> "As it was the burden of the government, in claiming interest, to show the date from which interest should have been computed, the court finds that such evidence should have been proffered during the trial, with the right of plaintiff to contest, and that its proffer after trial is not timely."

Though there is little or no dispute as to the actual facts, we hold that the district court did not abuse its discretion in refusing to consider the evidence proffered after trial.

■ However, the record discloses that the Government's counterclaim was filed on April 13, 1967, and that Liddon's reply admits "that some form of notice of tax due in the approximate amount

set forth * * * was received by plaintiff." Thus the pleadings establish notice of the penalty and demand for payment by April 13, 1967. The judgment is therefore modified to include 6% interest from April 13, 1967. As so modified the judgment is affirmed.

Modified and affirmed.

---

[1]. Interest on such penalty is imposed prior to judgment "only if such assessable penalty * * * is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of notice and demand to the date of payment." 26 U.S.C. § 6601(f) (3).