**James G. MOORE, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Judson E. TOMLIN, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 71-2755.**

United States Court of Appeals, Fifth Circuit.

July 20, 1972.

Rehearing Denied and Rehearing En Banc Denied Sept. 5, 1972.

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Scott Crampton, Asst. Charles E. Anderson, Gilbert E. Andrews, Meyer Rothwacks, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., Fred B. Ugast, Acting Asst. Atty. Gen., Daniel B. Rosenbaum, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Hardy B. Smith, Mobile, Ala., for plaintiffs-appellees.

Judson E. Tomlin, pro se.

Before RIVES, BELL and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

Moore and Tomlin brought separate actions against the United States for the recovery of their partial payments of a penalty assessed against each of them under section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672.[1] The assessments were made against Moore and Tomlin, as responsible officers of Jetco Contracting Company, Inc., for willfully failing to collect, truthfully account for and pay over social security and withholding taxes in the total amount of $96,113.67 during the second and third quarters of 1966. The United States counterclaimed for the balance due.

The cases were consolidated for trial. The district court denied the Government's motion for a directed verdict against each defendant, and the jury returned verdicts for Moore and Tomlin and against the Government upon which the district court entered judgment. The sole issue is whether the judgment is erroneous as a matter of law; that is, whether the district court erred in refusing to grant the Government's motions for a directed verdict and for judgment notwithstanding the verdict separately against Moore and against Tomlin.

The issue may be further narrowed because the district court charged the jury:

"Now, if you find in this case that Mr. Tomlin or Mr. Moore or both of them were persons required to collect, truthfully account for and pay over

1. "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

any tax imposed by the laws under consideration, then I charge you as a matter of law, and I direct you to find that it was done willfully, as I just described it to you. The evidence is uncontradicted that it was done willfully. So the question directs really in the term that is being used here, and as the law uses the term 'responsible persons.' So you have got to determine whether or not Mr. Moore or Mr. Tomlin or both of them were responsible persons required to collect, truthfully account for and pay over any tax that we are talking about here."

(App. 240.) There is, and can be, no contention that the district court was incorrect in charging that, as a matter of law, Moore's and Tomlin's conduct was willful. Thus the narrow issue is whether Moore or Tomlin or both of them were responsible persons within the meaning of the Act.[2]

We find that the uncontradicted evidence establishes that both Moore and Tomlin were such responsible persons and, therefore, reverse with directions to enter judgment against them.

## I.

The word "Jetco" was derived from the initials of Judson E. Tomlin Company, the name under which Tomlin began in June, 1963, to conduct his solely-owned unincorporated business. Branch and Moore joined the business as partners. In January of 1966 Branch, Moore and Tomlin filed in the office of the Judge of Probate of Mobile County, Alabama, a certificate of incorporation of Jetco Contracting Company, Inc. (hereafter Jetco). The certificate au-

thorized 1000 shares to be issued as follows: Branch, 550; Moore, 250; and Tomlin, 200. The certificate also shows that for the first year the three were chosen to be directors and to fill the following respective offices: Moore, President; Tomlin, Vice President; and Branch, Secretary-Treasurer. Thereafter, the business was conducted under the corporate name but there was practically no corporate formality—no issuance of certificates of stock, no corporate by-laws or minutes, and no written transfer of title to the partnership assets.

Such lack of formality does not seem material to the issues of this case because, under Alabama law,[3] the body corporate became complete upon the filing of the certificate of incorporation, and the corporation filed quarterly federal tax returns (Form 941) for the second and third quarters of 1966 (April 1, 1966, through September 30, 1966) but without any remittance of the taxes. Based on these returns Jetco's tax liabilities were assessed. Jetco made no payments with respect to the unpaid taxes. Branch died in December, 1967. In 1968 the assessments were made against Moore and Tomlin.[4]

Jetco maintained bank accounts with the American National Bank of Mobile and the First National Bank of Mobile. Moore, Tomlin and Branch were each singly empowered to sign checks on the First National Bank, while Moore and Branch were so empowered at the American National Bank. Jetco and Blount Brothers Contracting Company, Inc. (Blount) opened a joint "no balance" account at the Hancock Bank of Bay St. Louis, Mississippi, for the purpose of

---

2. "(b) *Person defined.*—The term 'person,' as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

3. Code of Alabama, Recompiled 1958, Title 10 § 21(11).

4. The assessments against Tomlin were for the full amount of the unpaid taxes, $95,736.83. Moore left Jetco midway through the period; hence, the assessments against him are for only $67,240.69. The Government stipulates in its brief:
"Although the Government counterclaimed against both Moore and Tomlin, it is not attempting to collect the tax twice: it merely seeks a single amount equal to the unpaid withholding taxes."

paying the wages of Jetco employees working on a subcontract for Blount and for certain materials and supplies. Checks on this joint account required two signatures, that of Tomlin and that of Fred Plaga, Project Manager for Blount at the National Aeronautics and Space Administration test site in Hancock County. No funds were deposited in the "no balance" account until a check was presented for payment. Upon such payment the Hancock Bank would transfer sufficient funds from another Blount account to cover the presented check.

The district court charged the jury as to further undisputed evidence as follows:

"The evidence before you is that the plaintiff Tomlin knew that the withheld taxes were not being paid over to the Government, and it's somewhat contradicted either in May or July of 1966. And Mr. Moore knew of it at least by July of 1966. The evidence before you is that after they became aware—that is, by direct evidence—after they became aware that taxes were not being withheld and paid, that they continued to sign checks for materials and other creditors rather than paying this. The evidence is uncontradicted that checks were signed paying themselves salaries without taxes being withheld. They were paid the gross amount."

(App. 237.)

Moore and Tomlin each continued to sign checks on Jetco's accounts for payroll and for creditors in amounts substantially in excess of the taxes required to be withheld and paid to the Government. The quarterly Form 941, that was submitted for the second quarter of 1966 without payment, bore the signature of Moore as President of Jetco. A mortgage on Jetco property, that was given to secure advances from Blount for payroll and other expenses, was signed by Moore as President of Jetco "with full authority." Both Moore and Tomlin had authority to hire and fire employees. Both testified that there was never any formal delineation of duties at Jetco between the officers. Moore testified, however, that Branch made all of the decisions with respect to which bills should be paid and that he merely followed orders and instructions from Branch in signing his name to corporate checks. Prior to Jetco's incorporation, both Moore and Tomlin were familiar with withholding requirements and had made such payments for other taxpayers.

## II.

An employer is required to withhold federal income and social security taxes from the wages of his employees.[5] The amount of the taxes so collected or withheld constitutes a special fund in trust for the United States.[6] Each employee is credited by the Government with the taxes withheld from his salary.[7] When a corporation fails to pay the taxes which it is required to withhold, section 6672[8] makes it possible for the Government to collect its tax moneys from the responsible officers of the corporation. The penalty imposed by section 6672 is distinct from and not in substitution of the liability for taxes owed by the employer. Nonetheless, as stated in *Newsome, supra,*

"Section 6672's 'basic purpose is the protection of governmental revenue. * * *. It provides a remedy to prevent the unnecessary loss of tax funds by permitting the "taxing authority to reach those responsible for the corporation's failure to pay the taxes which are owing." Monday v. United States, 421 F.2d 1210, 1216 (7 Cir. 1970), and cases cited therein."

431 F.2d at 745.

---

5. 26 U.S.C.A. §§ 3102 and 3402.

6. 26 U.S.C.A. § 7501.

7. Newsome v. United States, 5 Cir. 1970, 431 F.2d 742; Dillard v. Patterson, 5 Cir. 1963, 326 F.2d 502.

8. Quoted in footnote 1, *supra.*

Section 6672 has not been strictly construed as is the usual rule with penalty statutes, but has been broadly and liberally construed to fulfill the purposes for which it was intended, particularly in determining who are "responsible persons" within the coverage of the statute.[9] Indeed the definition of "person" in section 6671(b)[10] expressly covers any officer who "is under a duty to perform the act in respect of which the violation occurs."

■ In this case, violations occurred at every stage of Moore's and Tomlin's continuing duty "to collect, truthfully account for, and pay over any tax." Sec. 6672. Tomlin willfully failed to collect the tax from employees working on the subcontract for Blount. Moore and Tomlin willfully failed to truthfully account for the taxes.[11] Finally, both Moore and Tomlin willfully failed to pay over the taxes.[12]

The judgment is reversed and the case is remanded with directions to grant the Government's motion for judgment notwithstanding the verdict.[13]

Reversed and remanded with directions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is Denied.

---

9. See cases collected in Annotation, 22 A.L.R.3d pp. 8, 49, § 4[a].

10. Quoted in footnote 2, *supra*.

11. " * * * he subjects himself to liability under 6672 when he voluntarily and consciously 'risks' the withheld taxes in the operation of the corporation, and subsequently the corporation is unable to remit the withheld taxes."
Newsome v. United States, *supra*, 431 F.2d at 746.

12. As majority members of Jetco's board of directors, they had ultimate authority over the expenditure of funds. Cf. United States v. Byrum, 1972, 408 U.S. 125, 92 S.Ct. 2382, 33 L.Ed.2d 238 [decided June 26, 1972]. Each had and exercised singly authority to sign checks on Jetco's accounts. Each is responsible for the dissipation of the special fund which the corporation held in trust for the United States. Section 7501; *Newsome, supra,* 431 F.2d at 745.

13. The plaintiffs-appellees have not contested the authority of the court to grant the Government's motion for directed verdict and for judgment notwithstanding the verdict. Section 6671 designates this liability as a penalty but provides that it "shall be assessed and collected in the same manner as taxes." We think it settled that the liability "is statutory and in such cases the statutory limitations are controlling." Bloom v. United States, 9 Cir. 1959, 272 F.2d 215, 221, followed in United States v. Molitor, 9 Cir. 1964, 337 F.2d 917, 924. See also United States v. MacMullen, 2 Cir. 1958, 262 F.2d 499, 500.