Thomas C. **THOMAS**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

**Civ. A. No. CA-3-7867-D.**

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 12, 1974.

Jerry Lastelick, Dallas, Tex., for plaintiff.

John G. Truelson, United States Dept. of Justice, Tax Division, Dallas, Tex., for defendant.

MEMORANDUM OPINION
AND ORDER

ROBERT M. HILL, District Judge.

This is a civil action instituted by the plaintiff, Thomas C. Thomas, against the defendant, United States of America for refund of federal wagering occupational taxes for the periods ending November 1971, December 1971 and October 1972, in the total amount of $3,-850.00. The defendant answered plaintiff's complaint and asserted a counterclaim against plaintiff for additional federal wagering excise taxes and interest for eight (8) periods between December 1971 and January 1973, for which the unpaid amount totals $1,520.-38, plus interest.

An assessment of wagering excise tax and interest in the total amount of

$14,901.98 was duly and timely made against plaintiff on February 2, 1973, by the Commissioner of Internal Revenue. Proper notice and demand for payment of the assessment was duly and timely made against plaintiff on February 2, 1973. Plaintiff paid $3,989.-55 of the assessment and timely filed his claim for refund with the Internal Revenue Service, which was denied. Plaintiff thereafter brought this action for a refund.

The plaintiff, with respect to both his claim and the defendant's counterclaim, contends that neither the Commissioner nor the defendant has offered any proof that plaintiff was a gambler or that he operated as a gambler during the months covering the period of the assessment. Plaintiff further contends that the government's assessment was based on records seized from other persons and that the assessment was based on an extrapolation of alleged bets received on a single date.

■■ The Government's assessment is presumed to be correct, and the burden of proof is upon the plaintiff to show that the assessment is incorrect and to show the amount of tax owed. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932); Lucia v. United States, 474 F.2d 565, 576 (5th Cir. 1973); Urban v. United States, 445 F.2d 641, 643 (5th Cir. 1971), cert. denied, 404 U.S. 1015, 92 S.Ct. 675, 30 L.Ed.2d 663 (1972); Mersel v. United States, 420 F.2d 517, 518 (5th Cir. 1970); Pinder v. United States, 330 F.2d 119, 124 (5th Cir. 1964). Also, the burden of proof is on the plaintiff with respect to the defendant's counterclaim. Cf. Liddon v. United States, 448 F.2d 509, 514 (5th Cir. 1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (1972).

On January 31, 1971, pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendant requested answers to interrogatories from plaintiff Thomas C. Thomas. On June 26, 1974, plaintiff filed his answers and objections to interrogatories. Plaintiff refused to answer interrogatories pertaining to his wagering activities and sources of income during the period 1971 through 1973, the period covered by defendant's counterclaim. Plaintiff's refusal to answer the interrogatories was predicated on the fifth amendment privilege against self-incrimination afforded by the United States Constitution, and plaintiff's concern for his personal safety.

On July 9, 1974, plaintiff was ordered by this court to answer fully and within ten days defendant's interrogatories. No answers have been filed, and on July 25, 1974, defendant filed its motion for judgment, pursuant to Rule 37, F.R.Civ.P.

The facts sought by the questions asked by the defendant in its interrogatories propounded to plaintiff are relevant and material to the defendant's defense against plaintiff's claim and for the prosecution of the defendant's counterclaim against plaintiff.

■ Plaintiff is entitled to remain silent with respect to the interrogatories which he refused to answer. However, under the circumstances here presented plaintiff must make a choice between his silence and maintaining the case. Florio v. U. S., 33 AFTR2d 74–1337 (N.D.Va., April 26, 1974); McNatt v. U. S., 32 AFTR2d 73–5730 (N.D.Tex. 1973); Figueiredo v. Commissioner, 54 T.C. 1508 (1970); Wilson v. United States, 65–2 U.S.T.C., ¶ 9636 (M.D. Tenn.1965); Williamson v. United States, 69–2 U.S.T.C., ¶ 9681 (W.D.Ill. 1969); Cf. Kisting v. Westchester Fire Insurance Co., 290 F.Supp. 141 (W.D. Wis.1968).

For the foregoing reasons it is Ordered that defendant's motion for judgment is sustained. Counsel for the government is directed to prepare a judgment for the defendant on its counterclaim and dismissing plaintiff's complaint with prejudice.