Theodore **NECKLES, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee,**

**Robert S. Whitmire, Third-Party Defendant.**

No. 77–2591

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Ralph F. Pelaia, Jr., Fort Lauderdale, Fla., for plaintiff-appellant.

J. V. Eskenazi, U. S. Atty., Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., for defendant-appellee.

M. Carr Ferguson, Gilbert E. Andrews, Act. Chief, Stephen M. Gelber, Gayle P. Miller, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., for Robert S. Whitmire.

Before THORNBERRY, GEE and FAY, Circuit Judges.

PER CURIAM:

Task Enterprises, Inc. (TASK), a Florida corporation, failed to remit to the United States over $100,000 in taxes withheld from its employees. Appellant Neckles, assessed and mulcted in this amount as a "responsible person" pursuant to 26 U.S.C. § 6672, lost his suit for a refund in the court below on findings that he was indeed such a person, and one who wilfully failed to make the payments for the corporation. On this appeal, he challenges only the finding that he was "a responsible person."[1] We affirm.

Appellant and four others went into construction, forming TASK to serve as an organizational vehicle. TASK seems to have functioned during its short life—less than a year—as sort of a joint venture which incidentally possessed a corporate charter. Appellant and two others of the five principals contributed its initial capital. Appellant was one of only two persons possessing authority to sign on all three of the corporate accounts, though as to two of the accounts an additional signature was required. Officers of the corporation were

---

1. A shorthand phrase for one who may be held personally liable under § 6672 as a "person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax, or truthfully account for and pay over such tax, or wilfully attempts in any manner to evade or defeat any such tax or the payment thereof . . .." In the recent decision of *Slodov v. United States,* —— U.S. ——, ——, 98 S.Ct. 1778, 56 L.Ed.2d 251, 263 (1978), the Court concluded that the above language was intended to limit § 6672 to persons responsible for collection of third-party taxes and not merely "to those persons in a position to perform all three of the enumerated duties with respect to the tax dollars question."

elected, appellant not being one of these. TASK's functional structure and lines of authority were, however, relatively undefined, no agreement was ever had about the relative financial positions of its three investors, and no stock certificates were ever issued.

There was evidence, moreover, supporting the findings of the court below that appellant Neckles was one who could have seen to it that the withheld taxes were paid over, one with sufficient ultimate authority over the manner in which corporate funds were expended to be held responsible for this failure even though he did not hold corporate office. *Liddon v. United States,* 448 F.2d 509, 512–13 (5th Cir. 1971). Neckles was a moving force in organizing the venture, invested in it, and signed most of the checks on its general account. There was evidence that he was frequently at TASK's office, participated in just about everything that went on there, and was regarded by some as a "boss." He decided which creditors would be paid and which would not. Further, he knew of the delinquency in paying over the withholdings held in trust, yet continued to pay other creditors.

It thus appears that appellant was acting as a *de facto* officer or employee of TASK. The fact that he received no remuneration and held no official position, while important, is not conclusive as to his liabilities under section 6672. Whatever his motives and official position, the appellant had the power and authority to pay creditors, did so, and ignored the taxes collected and held in trust for the government. 26 U.S.C. § 7501. The appellant's knowledge of these arrears, plus his duty and authority to remedy them, made him a responsible person under section 6672. *Liddon, supra; Brown v. United States,* 464 F.2d 590 (5th Cir. 1972); *Hewitt v. United States,* 377 F.2d 921 (5th Cir. 1967).

The fact that others may also have had the duty and authority to remit the taxes does not relieve the appellant of section 6672 liability. *Harrington v. United States,* 504 F.2d 1306, 1312 (1st Cir. 1974); *Burack v. United States,* 461 F.2d 1282, 1291, 198 Ct.Cl. 855 (1972). Although the appellant may not always have had the "final" say about paying creditors, in the apocalyptic sense of that word, he did have significant control over disbursements. This is sufficient for section 6672 liability to attach. *Hartman v. United States,* 538 F.2d 1336, 1340 (8th Cir. 1976); *Adams v. United States,* 504 F.2d 73, 75 (7th Cir. 1974); *Burack v. United States, supra* at 1291; *Turner v. United States,* 423 F.2d 448, 449 (9th Cir. 1970).

Such determinations as this are made on a case-by-case basis. We cannot say that the findings of the court below that Neckles was a responsible person are not supported by substantial evidence; they are. We are not left with a firm conviction that they are erroneous. This being so, whether we would have reached the same ones is of no import.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.