Donald M. JOHNSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. H–81–1309.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 10, 1983.

---

Joseph F. Russo, Robert S. Macintyre, Houston, Tex., for plaintiff.

Johnny D. Mixon, Dallas, Tex., for defendant.

## ORDER

McDONALD, District Judge.

Pending before the Court is the Government's Motion for Summary Judgment on its Counterclaim, brought under 26 U.S.C. §§ 6671 and 6672, in which it sought to recover its assessment against the Plaintiff for taxes due in the amount of $13,821.32. The action was commenced when the Plaintiff filed his Complaint, alleging that the Government had acted improperly, illegally, and erroneously in making the tax assessment and in disallowing the Plaintiff's claim for a refund of $318.56, the portion of the assessment the Plaintiff had paid. The Plaintiff opposes the Motion for Summary Judgment on the grounds that the Government has failed to establish the applicability of § 6672, and that the controversy involves triable issues of fact permitting inferences in his own favor.

The tax payments in question are payments of withholding and FICA taxes due on the wages paid to the employees of Plaintiff's company, Don Johnson Plumbing Contractors, Inc., for the third and fourth quarters of 1979. The payment of these taxes is required under 26 U.S.C.

§§ 3102(a)[1] and 3402(a),[2] and the amount so withheld from employees' wages are considered to be held in trust for the United States under § 7501(a).[3] Employees are given full credit for taxes withheld from their wages. *Dillard v. Patterson*, 326 F.2d 302, 304 (5th Cir.1963). As a means of ensuring that the tax is collected, sections 6671[4] and 6672[5] prescribe penalties against employers who fail to remit the tax to the government. Liability under § 6672 is two-fold: first, the person the government seeks to penalize may be "any person required to collect, truthfully account for, and pay over any tax"; second, that person must "willfully fail" to pay the tax.

■ A party is entitled to summary judgment if the pleadings and discovery materials show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980). The party seeking summary judgment has the burden of demonstrating that there are no issues of material fact, *Keiser;* and the Court may only grant summary judgment where the facts as presented in the pleadings and discovery evidence permit no inferences whatsoever that would enable the Plaintiff to succeed, *Everhart v. Drake*

*Management, Inc.*, 627 F.2d 686, 690 (5th Cir.1980).

The Court's task is to determine whether the Government has carried its burden of proof in demonstrating that there are no genuine disputes of material fact and that it can win as a matter of law as to three issues: (1) whether the government may proceed against the Plaintiff under § 6672 without first making a similar effort to collect from the corporation for which the Plaintiff is allegedly responsible; (2) whether the Plaintiff was in fact the person responsible under § 6672; and (3) whether his failure to remit taxes was willful under that statute.

In urging the Court to grant summary judgment, the Government points to the Plaintiff's deposition statements that, as president and majority shareholder of Don Johnson Plumbing Contractors, Inc., he signed the corporation's checks and quarterly tax returns. The Government maintains that these statements show agreement between the parties as to the facts material to responsibility under § 6672 and establish that the Plaintiff is, as a matter of law, the person responsible under the statute. The Government then cites Plaintiff's deposition that he paid other creditors, knowing taxes were due. The Government maintains that

1. 26 U.S.C. § 3102(a) reads in part:
   . . . The tax imposed by section 3101 [for old-age, survivors, and disability insurance and hospital insurance] shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid.

2. 26 U.S.C. § 3402(a) reads in part:
   . . . Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables prescribed by the Secretary.

3. 26 U.S.C. § 7501(a) reads:
   Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable

with respect to the taxes from which such fund arose.

4. 26 U.S.C. § 6671(a) reads in part:
   The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

5. 26 U.S.C. § 6672(a) reads in part:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . .

such action by the Plaintiff constitutes, as a matter of law, willful failure to pay the tax under § 6672.

The Plaintiff argues that § 6672 is not applicable because the Government has not first attempted to collect the tax from the corporation. He argues, further, that the person responsible is not the Plaintiff, but a third party: the Plaintiff's general contractor, who assumed the payroll obligation. He opposes the charge of willfulness, arguing that he had "reasonable cause" not to pay the tax: first, that he had reasonably relied on his general contractor's promise; and second, that he had no unencumbered funds. The Plaintiff argues that these are factual issues that cannot be resolved on a motion for summary judgment.

■ The Court finds that the Government has met the threshold requirement for proceeding under § 6672. The Plaintiff cites an IRS Policy Statement dated November 5, 1952, which states that the IRS must first attempt to collect the tax from the corporation before proceeding against an individual officer. (IRS Policy Statement P–5–60, IR Manual, MT 1218–56, February 25, 1976.) However, Circuit Court decisions subsequent to the publication of that statement show that the IRS may proceed under § 6672 once the corporation has failed to pay the tax. *Moore v. U.S.*, 465 F.2d 514, 517 (5th Cir.1972). The liability of the individual officer under § 6672 is separate from and not a substitute for the corporation's liability under § 3403 and is thus termed a "penalty." *Moore*, 465 F.2d at 517; *Emshwiller v. U.S.*, 565 F.2d 1042, 1047 (8th Cir.1977). The purpose of the § 6672 is to ensure the payment of the tax, and courts have broadly construed the provision in fulfillment of that purpose. *Moore*, 465 F.2d at 517–518. The Plaintiff's argument was rejected in *Datlof v. U.S.*, 370 F.2d 655 (3rd Cir.1966). There the taxpayer, a corporate officer assessed under § 6672, argued he was not liable because the Government had not first used "due

diligence" to collect from the employer.[6] The Third Circuit held that, because personal liability and corporate liability are distinct under the Internal Revenue Code, "[t]he Service need not have attempted to collect from the employer." *Id.*, 370 F.2d at 656. Because the corporation in the case at bar did not satisfy the assessment against it, the Government is free to proceed under § 6672 against the Plaintiff as an individual.

■ The Court finds, as a matter of law, that the Plaintiff is the person responsible under § 6672, and grants the Government's Motion for Summary Judgment as to that issue. In *Liddon v. U.S.*, 448 F.2d 509, 512–513 (5th Cir.1971), the Fifth Circuit defined the person responsible under § 6672 as one who can see to it that taxes are paid and who has ultimate authority over the expenditure of corporate funds. The definition in *Neckles v. U.S.*, 579 F.2d 938, 940 (5th Cir.1978), is somewhat broader: the person responsible need not have final say but only significant control over disbursements. In the present controversy, the Plaintiff's status as director and majority shareholder (Plaintiff's deposition at 4–5) strongly suggests he has the authority referred to in *Liddon*. Moreover, his deposition statements that he exercised significant control over disbursements, signing checks and tax returns (Plaintiff's deposition at 8–9, 20, 22–23, 26–27), establish conclusively that he is the person responsible under *Neckles*.

■ The Plaintiff's allegation that his general contractor promised to pay the tax does not preclude a finding as a matter of law that the Plaintiff is the person responsible. The existence of other responsible parties who also control disbursements and have the requisite status, duty, and authority does not relieve the party assessed of his own responsibility. *Liddon*, 448 F.2d at 512; *Neckles*, 579 F.2d at 940. Nor can the person assessed establish that he is not the person responsible merely by showing that

---

**6.** The terms "employer" and "corporation" are used interchangeably in the case law on the subject of sections 6671 and 6672.

he delegated the taxpaying responsibility to someone else, for the holding of employees' taxes is considered an important fiduciary duty that cannot be delegated. *Hornsby v. IRS,* 588 F.2d 952, 953 (5th Cir.1979). Assuming that the Plaintiff's general contractor did indeed promise to pay the tax and that it took over the mechanics of the payroll, the Court nevertheless finds that the Plaintiff's responsibility remained, for responsibility under § 6672 is a matter of duty rather than mechanical function. *See Liddon,* 448 F.2d at 512. The Plaintiff remained the person "with general control over corporate business affairs ... particip[ing] in decisions concerning creditors and disbursement of funds." *Id.* His "reliance" on his general contractor represents a voluntary delegation of the taxpaying function and does not shift responsibility under § 6672.

The Plaintiff cites the case of *Payne v. U.S.,* 500 F.Supp. 571 (D.Colo.1980), in which summary judgment was denied on the ground that possible third-party control over the payment of creditors raised a factual issue as to the responsible party. The Court finds that *Payne* is distinguishable from the instant case. In *Payne,* the question as to the person responsible arose because there was a change of personnel in the taxpaying company: there the Plaintiff, though an officer in the company at all times, did not have direct control over disbursements until he was made director, after the taxes had already come due. Thus, in *Payne* there was no delegation of the taxpaying function, as there is in the case before us. Moreover, the taxpaying responsibility in *Payne* rested with either the Plaintiff or the third party but not both. In the present case, both Mr. Johnson and his general contractor had control over taxpaying and other disbursements: in spite of the general contractor's promise to pay the tax, the Plaintiff continued to exercise control over disbursements, as evidenced by the fact that he did pay a portion of the tax—the $318.56 he seeks to have refunded.

The Court now turns to the issue whether the Plaintiff's failure to pay the tax was willful under § 6672. While a taxpayer's "reasonable cause" for failure to pay taxes under sections 6671 and 6672 is indeed taken into account by the Fifth Circuit in determining willfulness, it is understood that, in order to further the purpose of § 6672, the doctrine of reasonable cause must be given only limited application. *Newsome v. U.S.,* 431 F.2d 742, 746–747 (5th Cir.1970).

■ The Court finds that the Plaintiff's first ground for reasonable cause—again, possible third-party liability—does not present a triable issue of fact. Just as the Plaintiff's delegation of the taxpaying function cannot preclude a finding that he is the party responsible, neither can it preclude a finding that his failure to pay was willful. In two of the three cases cited by the Plaintiff as supporting his argument that he had reasonable cause,[7] the courts held against the taxpayers on the ground that mere delegation of the taxpaying responsibility was not reasonable cause. *Newsome,* 431 F.2d at 747–748; *Lawrence v. U.S.,* 299 F.Supp. 187, 190–191 (N.D.Tex. 1969). *Lawrence* makes clear that delegation will be relevant to the question of willfulness only where the delegator has irrevocably given up authority and power as the person responsible. As discussed above in relation to this Court's finding that the Plaintiff is the person responsible, the delegation by the Plaintiff was not irrevocable: the Plaintiff retained control over taxpaying and disbursements, evident in his partial payment of the tax assessment.

■ The Court finds that the Plaintiff's second ground for reasonable cause—the lack of unencumbered funds—also fails to present a triable issue of fact as to the willful character of the Plaintiff's conduct. Although willfulness is usually a factual question, evidence that a responsible person knew of payments to other creditors at a time when tax was due the Government is

---

**7.** The third case cited by the Plaintiff, *Hornsby v. IRS,* discussed *supra,* addresses third-party liability in relation to the first element of § 6672 liability, i.e., the "person responsible," rather than in relation to the element of willfulness.

adequate to support a summary judgment that his conduct was willful. *Mazo v. U.S.,* 591 F.2d 1151, 1157 (5th Cir.1979). The person responsible is considered to act at his own peril in giving priority to other creditors, even when he mistakenly expects that there will be enough money left over to pay the tax. *Liddon,* 448 F.2d at 513. The Plaintiff admitted in his deposition that he signed checks to satisfy other debts, including a debt of $750 thousand dollars, knowing the company owed the Government (Plaintiff's deposition at 16, 18–20, 29). While the Plaintiff claims that he borrowed money in order to pay the tax, it is clear from his deposition that the amount borrowed was over half a million dollars (Plaintiff's deposition at 16), out of which the Plaintiff might have paid much more than the $318.56 that he did, had his efforts to remit the tax been in good faith. Consequently, the Court finds, as a matter of law, that the Plaintiff's failure to pay the tax was willful under § 6672, and it grants the Government's Motion for Summary Judgment as to that issue as well.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the Defendant's Motion for Summary Judgment is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.