**In re Thomas H. TERRELL, Debtor.**

**Thomas H. TERRELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. BK85–00240.**
**Adv. No. AP85–0757.**

United States Bankruptcy Court,
N.D. Alabama, S.D. ·

June 23, 1986.

Robert B. Rubin, Atty., Donald M. Wright, Birmingham, Ala., for debtor.

---

Richard O'Neal, Asst. U.S. Atty., Birmingham, Ala., Helen Lokey, U.S. Dept. of Justice, Washington, D.C., for U.S.

Thomas E. Reynolds, Trustee.

Jack Rivers, U.S. Trustee.

Daniel W. Wainscott, Birmingham, Ala., for Andre Toffel (trustee for Burgess Mining).

## MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Chief Judge.

This cause came before the Court on the debtor's MOTION TO DETERMINE DISCHARGEABILITY OF IRS TAX LIEN. The Internal Revenue Service (hereinafter called "I.R.S.") has filed a proof of claim in Mr. Terrell's Chapter 7 case for $223,018.96 (Claim # 5).[1] The debtor does not dispute that he owes the $840.00 plus $73.67 in pre-petition interest for personal income taxes; the debtor also does not dispute that the personal taxes are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(1) (1984). The debtor does contend, however, that he should not be held personally liable for the failure of Cahaba Resources, Inc. (hereinafter called "Cahaba") and Southern Air Filters, Inc. (hereinafter called "S.A.

F.") to pay their respective withholding tax liabilities of $209,820.01 and $12,247.48. Mr. Terrell asserts: 1) that he was not a "responsible person" for the purposes of 26 U.S.C. Section 6672[2] and 2) that if he was a "responsible person", any alleged omissions on his part were not willful. After a TRIAL on the merits, the Court makes the following findings of fact and conclusions of law.

### BURDEN OF PROOF

At the outset the Court notes that there are conflicting policy considerations on the issue of which party should bear the burden of proof in this proceeding. Courts have generally followed the rule that the person seeking to avoid the penalty provisions of 26 U.S.C. Section 6672 bears the burden of proving by a preponderance of the evidence that he was not a "responsible person", or that his failure to pay taxes was not "willful." *See United States v. Pomponio*, 635 F.2d 293 (4th Cir.1980); *Brown v. United States*, 591 F.2d 1136 (5th Cir.1979)[3]; *Anderson v. United States*, 561 F.2d 162 (8th Cir.1977); *Lesser v. United States*, 368 F.2d 306 (2nd Cir.1966). As the *Lesser* court explained:

1. The pertinent portion of the proof of claim filed by the I.R.S. describes the alleged tax liability of Mr. Terrell as follows:

### B. UNSECURED PRIORITY CLAIMS under Section 507(a)(6) of the Bankruptcy Code

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest To Petition Date |
|---|---|---|---|---|
| Income | 12–31–83 | Assessent prohibited by B/C Sec. 362(a)(6) | $209,820.01 | —0— |
| Withholding (Section 6672 of the IRC of 1954). | | | | |
| Income | 3–31–84 | Assessment prohibited by B/C Sec. 362(a)(6) | 12,247.48 | —0— |
| Withholding (Section 6672 of the IRC of 1954). | | | | |
| Income | 12–31–83 | 11–26–84 | 840.00 | 73.67 |

The Court notes that the proof of claim incorrectly designates the first and third items. The first item is for withholding taxes pursuant to 26 U.S.C. Section 6672 in connection with the payroll of Cahaba Resources Inc. The second item claimed is for withholding taxes in connection with Southern Air Filters, Inc. The third item asserted is for Mr. Terrell's personal income taxes.

2. The cases which have been decided under Section 6672 generally refer to the "person required to collect, truthfully account for, and pay over any tax imposed by this title" by the shorthand phrase "responsible person." *Slodov v. United States*, 436 U.S. 238, 246, n. 7, 98 S.Ct. 1778, 1784, n. 7, 56 L.Ed.2d 251, 261, n. 7 (1978).

3. In re *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1983) (*en banc*) the Eleventh Circuit Court of Appeals adopted as prece-

The result of the rule proposed by Judge Smith, that the burden of proof is on the government when the government is asserting the claim, would be to encourage taxpayers to wait for the government to sue. If such a rule were adopted the tax bar would quickly move to make the task of the government more difficult by advising clients not to pay taxes under protest but, by forcing the government to collect by levy and suit, secure the advantage of shifting the burden of proof. *Lesser,* 368 F.2d at 310 (*En banc* opinion of court on issue of burden of proof).

The rule in bankruptcy, however, is that exceptions to discharge should be narrowly construed against the creditor and in favor of the bankrupt in order to carry out the "fresh start" policy of the bankruptcy law. *See Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *In re Hunter,* 780 F.2d 1577 (11th Cir.1986); *Matter of Cross,* 666 F.2d 873, 879–80 (5th Cir.1982) (Unit B). Courts, therefore, place the burden of proving that a particular debt falls within one of the statutory exceptions on the creditor asserting the exception. *See Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Hunter,* 780 F.2d at 1579; *Cross* F.2d at 880.

■ While the issues of liability and dischargeability may be separate and distinct in some instances, *see Matter of Merrill,* 594 F.2d 1064 (5th Cir.1979), in this case both liability and dischargeability hinge upon whether Mr. Terrell was a "responsible person" under 26 U.S.C. Section 6672 and if so, whether his alleged omission was "willful". Because bankruptcy courts are courts of equity, *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *In re Ranch House of Orange-*

*Brevard, Inc.,* 773 F.2d 1166 (11th Cir. 1985), the Court resolves this conflict in favor of the debtor and determines that the "fresh start" policy of bankruptcy overrides the policy in favor of putting the burden on the debtor/taxpayer. *Cf. N.L. R.B. v. Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (bankruptcy policy overrides that of labor law).[4] The government must, therefore, prove by a preponderance of the evidence that Mr. Terrell was a "responsible person" for the withholding taxes of Cahaba and S.A.F. and that his alleged omissions were "willful" for the alleged tax indebtedness to be nondischargeable pursuant to 11 U.S.C. Section 523(a)(1)(A) (1984).

## FINDINGS OF FACT

Mr. Terrell was the son-in-law of Mr. A.E. Burgess who was the Chairman of the Board of Burgess Mining and Construction Corporation (hereinafter called "Burgess Mining").[5] Mr. Burgess set up Cahaba and S.A.F. in the latter part of 1981.[6] Mr. Burgess was the sole investor in Cahaba and S.A.F. contributing $90,000 and $110,000 respectively to the corporations. From their inception, Mr. Burgess dominated both corporations in every respect. He named the shareholders and officers of both corporations; established all salaries; retained exclusive power to hire and fire employees; made the ultimate financial decisions of both companies including the decisions as to which creditors were paid and when. In short, Mr. Burgess not only ran the show; he *was* the show.

Mr. Terrell was a shareholder and the secretary treasurer of both corporations. Mr. Terrell was basically the office manager for the corporations. He supervised the

---

dent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

**4.** The Court declines to follow the case of *In re Summers,* 32 B.R. 861, 866 (Bkrtcy.N.D.Ohio, E.D.1983) wherein the court did not address this conflict of policies and put the burden of proof on the debtor.

**5.** Mr. Terrell and his ex-wife, the former Patricia Ann Burgess, (who is the daughter of A.E.

Burgess) were divorced sometime prior to the filing of his Chapter 7 petition.

**6.** The United Mine Workers of America obtained a $540,540.78 judgment against Burgess Mining. Cahaba was established in an attempt to defeat this judgment and to operate a non-union shop. Burgess Mining is now a debtor under Chapter 7 of the Bankruptcy Code.

corporations' insurance matters and did general coal accounting (*i.e.,* calculating royalties and rents due owners). Mr. Terrell was authorized to sign corporate checks; and he did so to pay suppliers, coal truckers, the payroll and other creditors. Mr. Terrell signed the corporations' withholding tax returns and various notes on behalf of the corporations. Further, after the corporations had become delinquent in their withholding tax obligations, Mr. Terrell negotiated with the I.R.S. to setup a repayment plan.

The evidence shows; and the Court finds, however, that Mr. Terrell performed all of these duties at the behest and under the control and supervision of Mr. Burgess. Mr. Terrell understood the pervasive nature of Mr. Burgess' authority. Mr. Terrell never contravened any of Mr. Burgess' directives and never possessed any significant independent authority within the corporations. Mr. Burgess made all the financial decisions of the corporations; he alone directed which creditors would be paid.

The Fifth Circuit Court of Appeals succinctly outlined the basis for the alleged tax liability at issue herein as follows:

> Under the withholding system set up in the Internal Revenue Code, 26 U.S.C.A. Section 3401 et seq., employers have a duty to collect both income and FICA ("social security") taxes from their employees. These sums are commonly referred to as "trust funds" because the Code provides that they are deemed to be "a special fund [held] in trust for the United States." 26 U.S.C. Section 7501. When net wages are paid to the employee, the taxes that were, or should have been, withheld are credited to the employee even if they are never remitted to the government; so the IRS has recourse only against the employer for their payment.
>
> However, Section 6672 of the Internal Revenue Code imposes a penalty on any "person required to collect, truthfully account for, and pay over any tax" withheld who willfully fails to do so. The penalty is equal to the total amount of

the tax not paid over, and is itself referred to as a "tax" in Section 6671. The term "person," as defined in Section 6671, includes "an officer or employee of a corporation ... who as such officer [or] employee ... is under a duty" to collect, account for, and pay over the withheld tax. This is known as a "responsible person." Thus, liability for a penalty is imposed only on (1) a responsible person (as defined in Section 6671), who has (2) willfully failed to perform a duty to collect, account, "and" pay over the tax.

*Mazo v. United States,* 591 F.2d 1151, (5th Cir.1979). The issues of responsible person status and willfulness are factual issues, *see Roth v. United States,* 779 F.2d 1567 (11th Cir.1986) (Godbold, C.J., dissenting); *McCullough v. United States,* 442 F.2d 1011 (5th Cir.1971); *Pearson v. United States,* CV–84–P–2885–W (N.D.Ala., May 21, 1986) (Pointer, J.) [Available on WESTLAW, DCTU database]; which must be resolved on a case-by-case basis. *Neckles v. United States,* 579 F.2d 938 (5th Cir. 1978).

Whether one is a responsible person "is a matter of status, duty *and authority,* not knowledge." *Mazo,* 591 F.2d at 1156 (emphasis added). The Fifth Circuit Court of Appeals has stated:

> Liability attaches to those with *power and responsibility* within the corporate structure for seeing that the taxes withheld from various sources are remitted to the Government. This duty is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds.

*Liddon v. United States,* 448 F.2d 509, 512 (5th Cir.1971) (quoting *Monday v. United States,* 421 F.2d 1210, 1214–15 (7th Cir. 1970) (emphasis added and citations omitted); *see Brown v. United States,* 464 F.2d 590 (5th Cir.1972) ("power and responsibilities"). The *Liddon* court further stated:

> "In reaching a determination with respect to the person or persons upon whom to impose responsibility and liability for the

failure to pay taxes, the courts have tended to disregard the mechanical functions of the various corporate officer, and instead, have searched for the person or persons who could have seen to it that the taxes were paid, a person with *ultimate authority over expenditures of corporate funds who can fairly be said to be responsible for the corporation's failure to pay over its taxes.*" *Id.* at 512–13 (quoting 22 A.L.R.3d 8, 50 (1968)) (emphasis added and citations omitted). A "responsible person" is one who has or shares the "final word" as to what bills or creditors should or should not be paid, the word "final" meaning significant rather than exclusive control. *Henderson v. Croom,* 403 F.Supp. 665 (N.D.Ala.1975).

■ Based upon these authorities, the Court determines that the I.R.S. has failed to sustain its burden of proving that Mr. Terrell was a "responsible person" for the purposes of the Section 6672 withholding tax penalty. Mr. Terrell had no power or authority to direct which creditors were paid; he did not have the requisite "significant" input into the financial decisions of the employer corporations and in no way participated in the decisions concerning payment of creditors.[7]

The I.R.S. has placed much emphasis on Mr. Terrell's apparent status within the corporations and on the ministerial activities performed by, him. In making the "responsible person" determination, the Court must be "concerned with actual control and economic reality, not paper facades." *First Nat'l Bank v. United States,* 591 F.2d 1143 (5th Cir.1979). The Court will, therefore, "disregard the mechanical functions of the various corporate officers and [will] instead emphasize where the ultimate authority for the decision not to pay the tax lies." *White v. United States,* 372 F.2d 513, 178 Ct.Cl. 765 (1967); *see Godfrey v. United States,* 748 F.2d 1568 (Fed.Cir.1984). Thus, neither Mr. Terrell's corporate office, *see Liddon,* 448 F.2d at 512 (quoting *Monday v. United States,* 421 F.2d 1210, 1214–15 (7th Cir.1970)), nor Mr. Terrell's duties of signing checks and tax returns, *see Godfrey,* 748 F.2d at 1575, *per se* require a finding that Mr. Terrell is a "responsible person." The evidence presented established Mr. Burgess at all times retained "actual control" over the corporations; and in "economic realty" he, not Mr. Terrell, was "the person who can fairly be said to be responsible for the corporation's failure to pay over its taxes." *Id.*[8]

7. In the Burgess Mining Chapter 7 case, Judge Coleman DISALLOWED the claim of the I.R.S. asserting that Burgess Mining was liable for the withholding tax liability of Cahaba which is the subject of the instant dispute. *In re Burgess Mining and Const. Corp.,* (BK82–04105) Order of November 26, 1985 (Bkrtcy.N.D.Ala.S.D. Nov. 26, 1985) (Coleman, J.). While that Order has been appealed to the United States District Court for the Northern District of Alabama, the FINDINGS OF FACT AND OPINION supporting Judge Coleman's Order contained the following passage which is echoed by the evidence in this case: [But is not res judicata (claim preclusion) or collateral estoppel (issue preclusion) ]

This court finds no evidence that Burgess Mining by corporate act ever assumed or acquired any responsibility for the payment of the tax. Rather, the evidence in this case points to A.E. Burgess as a responsible person as defined in the case of *Anderson v. United States,* 561 F.2d 162, 165 (8th Cir.1977). It was the willfulness of A.E. Burgess (and not Thomas Terrell or A.E. Burgess, Jr.), which was responsible for the failure of Cahaba Re-

sources to pay the withholding taxes when it had the funds available. Burgess dominated his children and directed their actions. It is apparent that in some cases he may have taken out of the corporation funds for his own benefit, which was wrongfully done. He so dominated and imposed his will upon the other officers as to remove from them the will power, freedom of action and ability to pay the taxes. It was the act of the individual, A.E. Burgess, acting for his own personal gain rather than the corporate act of Burgess Mining, through its directors, officers and stockholders that resulted in Cahaba Resources' failure to pay.
*In re Burgess Mining and Constr. Corp.* (BK82–04105) FINDINGS OF FACT AND OPINION (Bkrtcy.N.D.Ala.S.D. Nov. 26, 1985) (Coleman, J.).

8. Mr. Burgess does not dispute his "responsible person" status and has, in fact, consented to the assessment by the I.R.S. for the tax liability at issue herein. While the Court is well aware that there may often be more than one "responsible person", *see Neckles v. United States,* 579 F.2d

The following passage from the recent case of *Pearson v. United States*, CV–84–P–2885–W (N.D.Ala., May 21, 1986) [Available on WESTLAW, DCTU database] (Pointer, J.) (unpublished) which is controlling on this Court amply answers the contentions of the I.R.S. in this case:

> Contrary to the Government's argument, it takes something more than "authority to direct or control the payment of corporate funds" before a person is labeled a "responsible person" under Section 6672. (Defendant's memo. p. 17) As the name implies, it takes "responsibility." If Section 6672 were read to mean that every person with mere authority to direct payments of corporate assets was liable, then everyone over the rank of bookkeeper might be subject to a penalty. This, of course, is not the intent of the statute. From a reading of the many cases cited, the court draws two broad conclusions. Persons who assume "managerial control," *Sladov, supra* at 241, may be personally liable for a penalty if they are the "persons responsible for collection of third-party taxes" during the taxing period. *Id.* at 250. One becomes responsible either by being directly responsible (through a job assignment) for collection and payment, or by being in a managerial position of overall responsibility and having knowledge that the subordinates with direct responsibility are not satisfying the statutory obligation. In other words, there must be some showing of fault on the person's behalf.

*Pearson*, CV–84–P–2885–W, p. 4 (N.D.Ala. May 21, 1986). Because Mr. Terrell lacked any independent authority and had no input into the financial decisions of the corporations which were dominated by Mr. Burgess, the Court cannot find that he was "responsible" or that he was at "fault". In this light, the Court is persuaded by the case of *Campbell v. Nixon*, 207 F.Supp. 826 (E.D.Mich.S.D.1962) wherein the court determined that the corporate vice president was not responsible for the withholding tax delinquency where the president alone directed the payments to creditors. *See also Cellura v. United States*, 245 F.Supp. 379 (N.D.Ohio E.D.1965) (manager not liable where employer directed priority of payment).

The Court makes the further finding that the I.R.S. has failed to sustain its burden of proof on the "willfulness" element of Mr. Terrell's alleged liability. 26 U.S.C. Section 6672 (1980); *see Cellura v. United States*, 245 F.Supp. 379 (N.D.Ohio E.D.1965); *Campbell v. Nixon*, 207 F.Supp. 826 (E.D. Mich.S.D.1962).

### CONCLUSIONS OF LAW

Income taxes due within three years of the date of the filing of the petitions are nondischargeable. 11 U.S.C. Section 523(a)(1)(A), 507(a)(7)(A) (1984). Taxes "required to be collected and withheld and for which the debtor is liable in whatever capacity" are also nondischargeable. 11 U.S.C. Section 523(a)(1)(A), 507(a)(7)(C) (1984).

### APPLICATION OF LAW TO FACTS

Mr. Terrell has not disputed his liability and the nondischargeability of the portion of the I.R.S.'s claim which relates to his personal income taxes, and the Court will enter a judgment in favor of the I.R.S. for $913.67. Because the Court has found that Mr. Terrell was not a "responsible person" chargeable with the penalty for the withholding tax liabilities of Cahaba and S.A.F., no debt for such withholding tax liability exists which may be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(1)(A), 507(a)(7)(C) (1984).

A separate order will be entered consistent with this opinion.

938, 940 (5th Cir.1978), the instant case is not such a situation.