In re Virgil **BRADFORD,** Debtor.

Virgil **BRADFORD,** Plaintiff,

v.

Roscoe L. **EGGER,** Jr., Commissioner of Internal Revenue, Defendant.

Bankruptcy No. 7–81–00891.
Adv. No. 7–81–0481.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 5, 1983.

Michael A. Bragg, Bristol, Va., for debtor/plaintiff.

Cynthia D. Kinser, Pennington Gap, Va., trustee.

J. Gaston B. Williams, Asst. U.S. Atty., Roanoke, Va., for IRS/defendant.

*Memorandum Opinion*

H. CLYDE PEARSON, Bankruptcy Judge.

This matter came on for hearing to determine the validity of the claim filed against the debtor, Virgil Bradford, by the United States for withholding taxes due from Little John Coal Corporation for the second and third quarters of 1979. The claim is in the amount of $58,462.08.

From late 1978 through the quarters at issue, Little John Coal Corporation ("Corporation") was owned by John and Pauline Elkins, Troy Elkins, and Virgil Bradford, each holding 25% of the shares of stock. During the relevant period, John Elkins was president of the Corporation, Bradford was vice president, Pauline Elkins was secretary and Richard Troyer assumed the role of treasurer. John Elkins and Bradford supervised and worked at the mine sites while Pauline Elkins and Richard Troyer performed the bookkeeping and checkwriting functions at the corporate office.

Although the Corporation was experiencing financial difficulty in late 1978, all pay-

roll withholding taxes were current. Bradford invested $25,000 to purchase a share in the business and became vice-president during this period. Troyer testified that he disclosed the financial condition of the Corporation at that time to the Debtor and all other shareholders.

In January of 1979, John Elkins suffered serious injury to his arm and shoulder as a result of an accident at the mine site. He was hospitalized for over a month and recuperated at home for some time thereafter. Bradford testified that he was in charge of the Corporation during Elkins' absence. According to Troyer's testimony, the Corporation first fell behind in payment of withholding taxes while Bradford was in charge. The delinquency for this first quarter was caught up at a later time.

When Elkins returned to work, Troyer advised him that the Corporation was behind in equipment payments and payroll taxes. Shortly thereafter, Virginia Iron Coal Company declined to purchase coal from Little John Coal and the Corporation began its sudden decline. Although Bradford denied knowing of the unpaid taxes, Troyer's testimony was clear and uncontroverted that all officers and shareholders were kept apprised of the financial condition of the Corporation during the decline. Bi-weekly reports included an account of the unpaid tax liabilities. The Corporation continued paying net payroll and other creditors until its operations ceased in the summer of 1979.

The Internal Revenue Code requires employers to withhold federal income and Social Security taxes from wages paid to their employees. Each time a corporation meets its net payroll, it is presumed to have withheld these taxes. *Bedford v. United States,* 39 A.F.T.R.2d 1246, 1248 (E.D.Wis. Nov. 5, 1976). Employers must periodically account for these withholdings and pay them over to the Government. *Anderson v. United States,* 561 F.2d 162 (8th Cir.1977).

To insure payment of the taxes withheld from employees' wages, Congress has provided by statute that if a corporate employer does not pay over to the Government taxes it has withheld from employee wages, then any person or persons who were under a duty to withhold and pay over these taxes and wilfully failed to do so are personally liable for their payment in the amount of the taxes not paid at a 100 per cent penalty. 26 U.S.C. §§ 6671 and 6672. *Liddon v. United States,* 448 F.2d 509, 512 (5th Cir. 1971).

Because an employee is credited with payment when an employer withholds taxes at the source, the Government must have recourse for the collection of taxes from an employer or responsible agent of the employer. *Newsome v. United States,* 431 F.2d 742 (5th Cir.1970). Section 6672 provides this vital collection measure by cutting through the shield of organizational form and imposes liability upon those actually responsible for an employer's failure to withhold and pay over the required taxes. *Werner v. United States,* 374 F.Supp. 558 (D.Conn.1974), aff'd 512 F.2d 1381 (2d Cir. 1975) Even when funds of the corporation are used for net wages, where there are no available funds in excess of net wages, responsible persons will not be excused from their duty or their liability under Section 6672. *Sorenson v. United States,* 521 F.2d 325, 328 (9th Cir.1975).

The elements necessary for the application of § 6672 are twofold. First, the person or persons against whom the tax is assessed must have the authority to direct or control the payment of corporate funds. Secondly, such a responsible person or persons must have willfully failed to comply with the requirement of collecting and paying over the taxes.

The question of willfulness and responsibility is a factual one. *Teel v. United States,* 529 F.2d 903 (9th Cir.1976); *Kalb v. United States,* 505 F.2d 506 (2d Cir.1974).

Assessment of taxes creates a prima facie case against the taxpayer. The taxpayer has the burden of proving by a preponderance of the evidence that he was *not* a person whose duty it was to pay over withholding and social security taxes or

that he did not willfully fail to comply with that duty. *Anderson v. United States, supra* at 165; *Werner v. United States, supra* at 560.

A "responsible person" within the meaning of § 6672 includes one who has the power and responsibility of determining which creditors of a corporation, including the Government, will or will not be paid. Although this duty is most often found in corporate officers with general control over a corporation's business affairs, a person need not be an officer, director, employee or shareholder in order to be a responsible person. *Anderson v. United States, supra* at 165. The test is a functional one: if the person has a significant role in determining who shall be paid and when, then that person qualifies as a responsible person under § 6672. *Dunham v. United States,* 301 F.Supp. 700 (D.Conn.1969).

The crucial question as to the element of responsibility is whether there was sufficient nexus between the debtor and the delinquent corporation's financial operations to justify the conclusion that he had authority to determine whether the United States or other creditors would be paid. *Silberberg v. United States,* 355 F.Supp. 1163 (S.D.N.Y.1973). An individual may be a responsible person even if he is not in day-to-day control of the administrative and financial aspects of the business. All that is required is that he be in such a position that he has a right to execute control over those aspects of a business. A responsible person is one who shares the final word on when bills of the employer are to be paid or not paid and the order of paying bills. Final word means significant rather than exclusive control over the disbursement of funds. *Adams v. United States,* 504 F.2d 73 (7th Cir.1974).

The purpose of § 6672 is to permit the United States to reach those responsible for the corporation's failure to pay the taxes owing. It would make little sense to confine liability to those performing the mere mechanical functions of collection and payment when such functions are performed simply in accordance with the executive judgment of others whose duty it is to make corporate decisions in this area. Every corporation which is an employer must have at least one person who has the duty or responsibility of withholding and paying over the taxes required to be withheld and paid to the United States. Liability under § 6672 is not, however, limited to one person. There may be more than one person acting willfully and liable under that section and the fact that one person is so liable does not relieve another of his liability.

Based on the evidence at trial, the Debtor has not rebutted the presumption that he was a responsible person of the Corporation. Debtor was vested with the authority to operate, manage and control the business of the Corporation as the vice-president. He owned 25% of the shares of the Corporation and was second in command only to John Elkins. During the first quarter of 1979 when the Corporation first became delinquent in payment of withholding taxes, the Debtor was in charge of the corporate operations. Although he and John Elkins delegated the bookkeeping and checkwriting functions to Pauline Elkins and Richard Troyer, they were not relieved of liability. Further, the fact that John Elkins admits his responsibility does not relieve the Debtor, since he was also an officer and owner of the Corporation.

Under § 6672, the term "willfully" means "a deliberate choice voluntarily, consciously and intentionally made to pay other creditors instead of paying the Government." *White v. United States,* 178 Ct.Cl. 765, 372 F.2d 513, 521 (1967).

The Sixth Circuit has interpreted willful to mean that where the taxpayer,

... was aware of the fact that taxes were unpaid, and, possessing the power and responsibility to pay them, failed to do so, then he is liable for the penalty of Section 6672 notwithstanding his lack of malice or wrongful purpose.

*Braden v. United States,* 442 F.2d 342, 344 (6th Cir.1971).

If a responsible person pays wages knowing that taxes have not been withheld, he has willfully failed to account for and pay over the withheld taxes. *Emshwiller v. United States,* 565 F.2d 1042 (8th Cir.1977); *Sorenson v. United States, supra* at 328. The responsible person is thus liable for the penalty provided by § 6672. *Bedford v. United States, supra* at 1251.

Delegation of responsibility to another person will not relieve one of liability unless the responsible person can demonstrate that he was rendered powerless to disburse funds before he gained knowledge that the payroll taxes were unpaid. *United States v. Leuschner,* 336 F.2d 246 (9th Cir. 1964). Once the responsible person gains knowledge of the unpaid payroll taxes, he is under a duty to ensure that the taxes are paid before any payments are made to other creditors (including employees). If, after receiving actual notice, responsible persons could once again delegate their responsibility to subordinates, the repeated escape from liability would be possible and the Government would be required to monitor corporate affairs on a daily basis. *Mazo v. United States,* 591 F.2d 1151 (5th Cir.1979).

The facts in the present case indicate that the Debtor's failure to pay over the unpaid payroll taxes was willful within the meaning of § 6672. Debtor was made aware of the unpaid taxes during the quarters at issue, yet the Corporation continued to pay net payroll as well as pay other creditors until it became defunct.

Under the facts of this case, the Debtor was a responsible person who willfully failed to pay over the required withholding taxes to the Government and is therefore liable for the 100 per cent penalty.

An Order will accordingly issue.