**UNITED STATES of America,**
**Appellant,**

v.

**Peter KONTARATOS, Appellee.**

**Civ. No. 83–0239 P.**

United States District Court,
D. Maine.

Feb. 1, 1984.

Reba Raffaelli, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., William Browder, Asst. U.S. Atty., Bangor, Maine, for appellant.

Louis Kornreich, Gross, Minsky, Mogul & Singal, Bangor, Maine for appellee.

## MEMORANDUM AND ORDER DENYING THE UNITED STATES GOVERNMENT'S APPEAL FROM JUDGMENT ENTERED BY THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MAINE

GENE CARTER, District Judge.

On June 12, 1980, Peter and Valerie Kontaratos, husband and wife, filed separate Chapter 11 petitions in the United States Bankruptcy Court for the District of Maine. The record reflects that on July 21, 1982, the United States filed an amended proof of claim against Peter and Valerie Kontaratos claiming that they were indebted to the

United States in the amount of $41,532.67. On November 24, 1982, the United States filed another amended proof of claim against Peter Kontaratos only. The United States alleged therein that Mr. Kontaratos was indebted to the United States for unpaid taxes in the amount of $36,225.61. The Government's claim against Mrs. Kontaratos was for unpaid taxes in the amount of $30,030.40.[1]

On June 3, 1983, United States Bankruptcy Judge Harold Lavien, sitting by designation in the District of Maine, ordered that Mr. and Mrs. Kontaratos were jointly and severally liable to the United States in the amount of $27,384.62. Also, the court ordered that Mr. Kontaratos was additionally liable to the United States in the amount of $2,923.86, for a total of $30,318.48. 35 B.R. 135. Mrs. Kontaratos was found additionally liable in the amount of $3,230.50.

The United States Government appeals only the judgment with respect to Mr. Kontaratos. The Government contends that the court below erred in not holding that

Mr. Kontaratos had the burden of persuasion in the hearing before the court. The Government claims that as a result of the judge's error, $6,501.85 [2] in taxes attributable to the operations in 1975 of the Ocean Inn Restaurant, Inc. was denied the Government under its proof of claim.

Oral argument was held on this matter on December 22, 1983. The Court has reviewed *de novo* [3] the Record in the Bankruptcy Court and considered the Bankruptcy Court's Findings of Fact and Conclusions of Law and the memoranda and briefs of counsel filed with this Court on appeal.

## Discussion

The Government argues that the Bankruptcy Court applied the wrong burden of proof when it disallowed a portion of the Government's proof of claim.

■ A sworn proof of claim is presumed to be *prima facie* evidence of the allegations set out therein.[4] *Whitney v.*

1. The Government asserts that the Kontaratoses were responsible for paying withholding and social security taxes for three corporations: Gourmet Diner, Inc., Apollo Queens Center Cafeteria, Inc., and Ocean Inn Restaurant, Inc.

2. The Government's arithmetic is in error. The difference between the total amount of the claim asserted against Peter Kontaratos ($36,225.61) and the amount of the claim allowed by the Bankruptcy Court ($30,318.48) is only $5,907.13. Defendant's counsel has no sharper pencil and has erroneously accepted in briefing to this Court the higher figure.

3. Local Rule 41(e)(2)(B) prescribes the standard of review applicable on this appeal in the following language:

In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge.

Local Rule 41 is the subject of this Court's decision in *In re South Portland Shipyard and Marine Railways Corp.*, 32 B.R. 1012 (D.C.D. Me.1983), but the Rule remains in place pursuant to the stay of that decision dated September 14, 1983, entered by this Court. This Court is aware of the provisions of Rule 8013 of the new Rules of Bankruptcy Procedure, effective August 1, 1983, which state:

On an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. *Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.* (Emphasis added.) The Court has concluded that the standard prescribed by the Local Rule is the one most appropriately to be applied on this appeal in view of the decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and the promulgation of the new Rules of Bankruptcy Procedure *subsequent* thereto.

4. There are several reasons that courts have given to support this presumption. One reason has been that it is presumed that the IRS Commissioner who makes the assessment has done so in good faith and with sufficient evidence at his disposal to "satisfy a just and fair-minded person that such assessment ought to be made." *United States v. Rindskopf*, 105 U.S. 418, 26 L.Ed. 1131 (1881). The presumption of correctness afforded an assessment by the Commissioner encourage taxpayers to keep accurate records and to avoid the necessity of the government to borrow money to cover the impact of unpaid taxes and to initiate litigation for their recovery. *United States v. Rexach*, 482 F.2d 10, 17 (1st Cir.1973).

*Dresser,* 200 U.S. 532, 535, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906). The proof of claim is not, itself, dispositive of the issue of whether a taxpayer owes back taxes. Rather, a proof of claim constitutes evidence that may be rebutted by the debtor. *Psaty v. United States,* 442 F.2d 1154 (3d Cir.1971). Even where the Government is the moving party, the burden of persuasion rests with the debtor if the Government introduces its proof of claim into evidence. *Whitney,* 200 U.S. at 535, 26 S.Ct. at 317. If the burden of persuasion were to shift to the Government merely because it was the moving party, then it would behoove the debtor to delay paying taxes until the Government filed suit, thereby shifting burdens and costs to the Government. *United States v. Rexach,* 482 F.2d at 10, 17 (1st Cir.1973).

Mr. Kontaratos argues that the cases cited by the Government are applicable only to situations where the proof of claim establishes that the claim is for an amount of tax *assessed* against the debtor. He points out that a valid assessment cannot be made after a debtor has filed for bankruptcy because of the effect of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(6) (1979).[5] *See United States v. Coleman American Cos., Inc.,* 26 B.R. 825, 10 B.C.D. 185, 187 (Bkrtcy.D.Kan.1983); *In Re Twomey,* 24 B.R. 799 (Bkrtcy.W.D.N.Y. 1982).

■ The present case is, in fact, different in a crucial aspect from the cases relied upon by the Government. *See, e.g., United States v. Rexach,* 482 F.2d 10 (1st Cir.1973); *Psaty v. United States,* 442 F.2d 1154 (3d Cir.1971); *United Aniline Co. v. Commissioner,* 316 F.2d 701 (1st Cir.1963). In all of those cases the tax for which claim was made had been *assessed* by the IRS prior to the filing in bankruptcy. In this case, there has been *no* assessment made. The proof of claim clearly states "Assessment Prohibited by B/C Section 362(a)(6)." A presumption of correctness is accorded a proof of claim

*only* because there has been a valid assessment. Since no assessment has been made in this case and one is prevented by the automatic stay, it follows that the proof of claim is not entitled to any presumption of its correctness. Its contents are, on these facts, nothing more than allegations of facts pertinent to the claim. The proof of claim has no controlling evidentiary weight on the ultimate issue of liability of the debtor for the taxes claimed.

### Liability Under Section 6672

■ Any person who is under a duty to collect and pay over taxes withheld from the wages of employees and who willfully fails to do so is liable for the total amount of the tax not paid. *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). The two criteria for finding liability are that the person is responsible for collecting and paying the taxes and that he willfully failed to do so. *Harrington v. United States,* 504 F.2d 1306 (1st Cir.1974). In determining who is to be considered "responsible" a court may consider such factors as who are the shareholders, officers and directors of the business, who is responsible for payment of taxes, and who has authority to sign checks. *Id.* at 1310.

The Bankruptcy Court correctly applied the criteria for finding liability under § 6672 as set forth above. It found that Mr. and Mrs. Kontaratos were liable for unpaid employee wage taxes for Gourmet Diner, Inc., and the Apollo Queens Cafeteria. With regard to the Ocean Inn Restaurant, Inc., the court found that the Government had not sustained its burden as to Mr. Kontaratos' liability for taxes due for the last two quarters of 1975. It is that latter decision that the Government appeals.

■ The Government contends that Mr. Kontaratos disassociated himself from Ocean Inn Restaurant at the end of 1975 rather than in the middle of 1975 as contended by the debtors. *See* Government's

---

5. Section 362(a)(6) reads as follows:
    (a) Except as provided in subsection (b) of this section, a petition filed ... operates as a stay, applicable to *all entities,* of—...

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
11 U.S.C. § 362(a)(6) (emphasis added).

Memorandum in Reply to Debtor's Proposed Findings.

The Government offers no evidence in support of its proof of claim except the claim itself. The proof of claim lacks sufficient weight to be dispositive of the ultimate issue of liability. *See Psaty v. United States,* 442 F.2d 1154 (3d Cir.1971). By contrast, in both their disclosure statements the Kontaratoses stated that they lost their interest in the Ocean Inn Restaurant in the middle of 1975. At the hearing in the Bankruptcy Court, Mr. Kontaratos testified that he was not involved with the Ocean Inn Restaurant during 1975 and that he was not a shareholder or officer. A Mr. Hunt, the Kontaratos' accountant in 1975, in his deposition stated that he had noticed, sometime in 1975, a change in the management of the Ocean Inn Restaurant indicating that a change in authority had occurred.

### Conclusion

The Government bears the burden of persuasion as the moving party in this action. In support of its appeal the Government offers only its proof of claim, contending that the proof of claim is *prima facie* evidence. The proof of claim is not by itself sufficient to dispose of the ultimate issue of liability for the taxes claimed. The Court finds that the Government has not sustained its burden of persuasion, as the moving party, that Peter Kontaratos was "a responsible person" for purposes of § 6672 in respect to the operations of Ocean Inn Restaurant, Inc. for the last two quarters of 1975. Accordingly, the Government's appeal is DENIED; the Decision of the Bankruptcy Court is APPROVED, and the matter is hereby REMANDED to the Bankruptcy Court.

So ORDERED.