In re Thomas H. TERRELL, Debtor.

The UNITED STATES of America, Appellant,

v.

Thomas H. TERRELL, Appellee.

Civ. No. 86–HM–1666–S.

United States District Court, N.D. Alabama, S.D.

March 3, 1987.

William A. Roberts, Tax Div., Dept. of Justice, Washington, D.C., Richard E. O'Neal, Asst. U.S. Atty., Birmingham, Ala., for appellant.

Robert M. Rubin, Donald M. Wright, Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, Ala., for appellee.

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The defendant-appellant United States of America appeals from a judgment entered by the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, on June 25, 1986, 65 B.R. 365, in a chapter 7 bankruptcy proceeding wherein the Bankruptcy Court held that the government bore and had failed to sustain its burden of proving by a preponderance of the evidence: (1) that debtor-appellee THOMAS H. TERRELL was a "respon-

sible person" for the 26 U.S.C. § 6672 [1] penalty in connection with the failure of two closely held corporations to pay their withholding tax liabilities; and (2) that the debtor-appellee's alleged omissions were "willful" for such tax indebtedness to be nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A) (1984).

 Having carefully reviewed: (1) the entire evidentiary record before the Bankruptcy Court upon which its findings of fact were based; (2) the entire record certified on appeal; and (3) the respective briefs and arguments submitted by the government-appellant and the debtor-appellee and the statutes and authorities therein cited, the Court is of the opinion and holds for the reasons and on the basis stated in the excellent Brief of defendant-appellant United States of America filed herein on September 30, 1986 and Reply Brief filed herein on October 27, 1986, both of which are reproduced in the Appendix hereto and incorporated as a part hereof (N.D.Ala. opinion omitted, n. 4, p. 15, original brief): (1) that the Bankruptcy Court erred as a matter of law by placing the burden of proof on the United States in this "responsible person" case under 26 U.S.C. § 6672; (2) that the Bankruptcy Court's findings of fact, as a matter of law, require the conclusion of law that appellee-debtor was a "responsible person" under 26 U.S.C. § 6672 who "willfully" failed to pay over the withholding taxes withheld by Cahaba Resources, Inc. and Southern Air Filters, Inc. from employee pay checks; and (3) that the June 25, 1986 judgment of the Bankruptcy Court, insofar as it adjudges and decrees that Thomas H. Terrell, the appellee-debtor in the above styled cause, is not liable for the withholding tax liabilities of Cahaba Resources, Inc. and Southern Air Filters, Inc. under the penalty provision of 26 U.S.C. § 6672 (1954) is erroneous as a matter of law and is due to be reversed.

An appropriate separate order will be entered in conformity with this holding herein made.

## APPENDIX

### BRIEF OF APPELLANT UNITED STATES OF AMERICA

### STATEMENT OF JURISDICTION

Jurisdiction over this appeal lies pursuant to 28 U.S.C., Section 158, which reads in pertinent part:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judge under Section 157 of this title. An appeal under this subsection shall be taken only to district court for the judicial district in which the bankruptcy judge is serving.

### STATEMENT OF ISSUES

1. Whether the Bankruptcy Court erred by placing the burden of proof on the United States in a "responsible officer" case under 26 U.S.C., Section 6672.

2. Whether the Bankruptcy Court's findings of fact, as a matter of law, require the conclusion that the debtor was a "responsible person" who "willfully" failed to pay the withholding taxes.

### STATEMENT OF APPELLATE REVIEW

The District Court is limited in its review of the Bankruptcy Court as to finding of

---

1. Section 6672(a) provides:

Sec. 6672. FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX.

(a) [as amended by Sec. 9(a), Act of November 10, 1978, Pub.L. No. 95–628, 92 Stat. 3627] *General Rule.* Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

facts. The Bankruptcy Court finding of facts may be set aside if clearly erroneous. Bankruptcy Rule 8013. Errors of law by the Bankruptcy Court, whether in interpretation or application, are to be corrected as if *de novo*, 28 U.S.C., Section 1334.

## STATEMENT OF THE CASE

### 1. *Summary.*

This is an appeal taken by the United States from an order of the Bankruptcy Court for the Northern District of Alabama, Southern Division, partially granting debtor/appellee's Motion to Determine Dischargeability of Internal Revenue Service Tax Lien. The vast majority of the tax lien was based on debtor's failure to pay withholding tax liability for two corporations. The Internal Revenue Service had assessed penalties pursuant to 26 U.S.C., Section 6672. Debtor argued that he was not a "responsible person" and that his actions were not "willful". The United States argued that debtor met the statutory test for a "responsible person" who "willfully" failed to pay the withholding tax. The Bankruptcy Court ruled that the United States had the burden of proof. After making certain findings of fact, the Bankruptcy Court ruled that the United States had not carried the burden of showing debtor to be a responsible officer.

### 2. *Facts.*

The following facts are undisputed from the record and findings of the Bankruptcy Court. This case came about because of the failure of two corporations to pay to the United States their withholding and FICA taxes. Terrell was secretary/treasurer and director of both Cababa Resources, Inc. and Southern Air Filters, Inc. He acted as office manager of both corporations. Each corporation had originally been funded by Terrell's father-in-law, Pee Wee Burgess. Pee Wee Burgess owned no stock nor held any corporate office in either corporation though he was an employee of both companies and acted as their general manager. The main business of Cababa Resources, Inc. was coal mining, begun as a nonunion company for the for-mer unionized Burgess Mining, Inc. Southern Air Filters was a smaller operation involving the installation and cleaning of air filters.

Terrell had signature authority on each corporation's bank account and was responsible for meeting payroll. He calculated and paid the mineral royalties. He handled matters with the teamsters. He ran the office for each corporation. He signed the corporations' tax returns. He borrowed money for the corporations from the bank. He negotiated with the Internal Revenue Service when the corporations fell behind in their withholding tax payments. Each of these activities he did alone, save for signature authority, where either his or Pee Wee's signature was sufficient.

Pee Wee Burgess hired and fired, oversaw the coal mining and air filter operations, acted as general manager, and directed which creditors were to be paid. Pee Wee, though he held no corporate office, in effect had the final say in the operation of the corporations.

In 1983 both companies fell behind and eventually discontinued paying their withholding and FICA taxes. Cababa Resources, Inc. failed to pay $209,820.01. Southern Air Filters, Inc. owes $12,247.48. During the time these taxes went unpaid the companies continued to withhold taxes from the employee's checks and paid other creditors, including substantial payments to Burgess Mining.

### 3. *Proceedings in the Bankruptcy Court*

The case came on for determination of debtor's Motion to Determine Dischargeability of Internal Revenue Service Tax Lien. The Internal Revenue Service, on behalf of the United States, had filed a proof of claim for taxes in Terrell's Chapter 7 bankruptcy action in the amount of $223,018.96.

Debtor claimed he was not a "responsible person" who "willfully" failed to pay the withholding taxes of Cababa Resources, Inc. and Southern Air Filters, Inc. In rebuttal, the United States argued that Terrell, because of his corporate offices and

day-to-day management of the two corporations, was a responsible person who willfully failed to pay the United States the funds withheld from the corporations' employees.

The Bankruptcy Court first addressed the issue of burden of proof. The Court acknowledged the general rule that in determining liability under 26 U.S.C., Section 6672, the taxpayer has the burden of proving that he was not a "responsible person" and that his failure to pay was not "willful." However, the Bankruptcy Court further found that, in bankruptcy, exceptions to discharge should be narrowly construed in favor of the bankrupt to carry out the "fresh start" policy; hence, the burden of proving a debt as a statutory exception is on the creditor. The Bankruptcy Court decided to place the bankruptcy policy ahead of the tax law and put the entire burden of proof on the United States.

The Bankruptcy Court then made the following findings of facts: the debtor was a shareholder and secretary-treasurer of both corporations; he ran the offices of both corporations; he had authority to and did sign corporations' checks; he calculated royalties, paid suppliers, met payroll and generally took care of the debts of the corporations; he signed the corporations' notes; he signed the corporations' withholding tax returns; and, he negotiated with the IRS when the corporations were delinquent on their withholding tax.

The Bankruptcy Court further found that debtor Terrell performed his duties "under the control and supervision" of Pee Wee Burgess. Burgess, general manager of both corporations, established salaries, hired and fired, and decided which creditors were paid. The Court found he alone did these activities.

The Bankruptcy Court also found that debtor had no power or authority to direct which creditors were paid, did not have "significant" input into the financial deci-

sions and did not participate in the decisions concerning payment of creditors. Hence, the Court decided that the United States had failed to carry the burden of proof that Terrell was a responsible person for the corporations. The Court further found, without explanation, that Terrell was not "willful." [1]

## ARGUMENT

### I

### THE BANKRUPTCY COURT ERRED, AS A MATTER OF LAW, IN PLACING THE BURDEN OF PROOF ON THE UNITED STATES IN A RESPONSIBLE PERSON CASE

The law is unambiguous. In a responsible officer case, once an assessment is made, the burden of proof, both as to responsibility and willfulness, is on the taxpayer. *United States v. Pomponio*, 635 F.2d 293 (4th Cir.1980); *Brown v. United States*, 591 F.2d 1136 (5th Cir.1979). (See *In re Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) which binds the 11th Circuit to the 5th Circuit decisions reached before September 30, 1981); *Anderson v. United States*, 561 F.2d 162 (8th Cir.1977); *Lesser v. United States*, 368 F.2d 306 (2d Cir.1966).

The Bankruptcy Court ignored clear precedent by other bankruptcy courts which had applied the burden of proof to the taxpayer in responsible person cases. *In re Summers*, 32 B.R. 861, 886 (Bkr.Ct. N.D.Ohio 1983). ("The person seeking to avoid the penalty, bears the burden of proving by a preponderance of the evidence that he was not a 'responsible person,' or that his failure to pay taxes was not 'willful.' ") *In re Bradford*, 35 B.R. 166, 169 (Bkr.Ct.W.D.Va.1983) ("The taxpayer has the burden of proving by a preponderance of the evidence that he was *not* a person

---

1. As will be seen, under *Mazo v. United States*, 591 F.2d 1151 (5th Cir.1979), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979), *Howard v. United States*, 711 F.2d 729 (5th Cir. 1983) and *Roth v. United States*, 779 F.2d 1567 (11th Cir.1986), a person whose status makes him a responsible person cannot avoid his

duties, nor avoid the willfulness of his failure to pay taxes, merely because he purports to have followed the direction of one with more power than he had. The Bankruptcy Court's contrary findings are legally erroneous and not controlling as to Terrell's liability.

whose duty it was to pay over withholding and social security taxes or that he did not willfully fail to comply with that duty" (emphasis in original).) Instead, the Court relied on one labor law case, *NLRB v. Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), to uphold its unique position that the policy behind the bankruptcy rules is more important than the law passed by Congress, expressed in 26 U.S.C., Section 6672, concerning the collection of employees' trust funds misappropriated by corporate officer(s).

The case law is clear that the taxpayer, even a taxpayer in bankruptcy, has the burden of proof under 26 U.S.C., Section 6672.

## II

### THE BANKRUPTCY COURT'S FINDINGS OF FACT, AS A MATTER OF LAW, REQUIRE THE CONCLUSION THAT THE DEBTOR WAS A RESPONSIBLE PERSON WHO WILLFULLY FAILED TO PAY OVER WITHHOLDING TAXES

The legal standards in this case are straightforward, well defined and easy to apply to the Bankruptcy Court's findings of fact. What makes this case difficult is proper application of the equities. The legal standards and their application to the Bankruptcy Court's findings are presented first. The equity considerations are addressed in the third section.

1. *Debtor meets the legal standards to be a responsible officer.*

Courts have looked to the following factors to determine whether an individual is a responsible person under 26 U.S.C., Section 6672: being a corporate officer, *Farris v. United States*, 4 Cl.Ct. 633, 84–1 U.S.T.C., para. 9263 (1984); involvement in day-to-day activities, *White v. United States*, 178 Ct.Cl. 765, 372 F.2d 513, 514–515 (1967); *Mazo v. United States*, 591 F.2d 1151, 1155–1156 (5th Cir.1979), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979) (general manager in charge of corporation's day-to-day operations and possessing check signing authori-

ty was a "responsible person"); authority to sign corporate checks, *Hornsby v. IRS*, 588 F.2d.952, 953 (5th Cir.1979) (Corporate officer with check signing authority was a "responsible person"); *Burack v. United States*, 198 Ct.Cl. 855, 461 F.2d 1282, 1291 (1972) (Authority to cosign [checks] in effect gives one the authority to decide which creditors should be paid); authority to handle federal taxes, *Brown v. United States*, 464 F.2d 590, 591 (5th Cir.1972) ("responsible person" was person successful in securing payment of withholding tax during prior period), cert. denied, 410 U.S. 908, 93 S.Ct. 962, 35 L.Ed.2d 270 (1973); payment of creditors, *Commonwealth Nat. Bank of Dallas v. United States*, 665 F.2d 743, 755 (5th Cir.1982) ([a person with power] to make decisions as to the disbursement of funds was a "responsible person"). See also, *Neckles v. United States*, 579 F.2d 938, 940 (5th Cir.1978); *Adams v. United States*, 504 F.2d 73, 75 (7th Cir.1974).

The Court found each of these indices of being a responsible person were true for Terrell. He was an officer, secretary-treasurer, of both corporations. (Memo of Dec. 5.) He was involved in the day-to-day operations of both corporations. (Memo of Dec. 5.) He signed both corporations' checks to pay supplies, creditors and payroll. (Memo of Dec. 5–6.) He signed both corporations' tax returns. (Memo. of Dec. 6.) He signed notes to creditors for both corporations. (Memo of Dec. 6.) When the corporations were delinquent on their withholding taxes Terrell negotiated with IRS to setup a repayment plan. (Memo of Dec. 6.) All of these factors, found by the Court, in combination make it clear that, as a matter of law, Terrell was a responsible person under 26 U.S.C., Section 6672.

In addition, the trial transcript of Terrell's testimony shows that he was a shareholder (Tr. 46) and a director (Tr. 17) of both corporations who withheld employees' payroll taxes and signed their checks, knowing their taxes were not going to be paid. (Tr. 66.) Indeed, in Cababa's final month, over $1,000,000 went through its account (Tr. 65) over which Terrell had signature authority, including Terrell sign-

ing a $10,000 check after the company had ceased to function, even though he knew the withholding taxes were owing. (Tr. 66.)

The Bankruptcy Court, in its attempt at equity, picks and chooses certain cases where one or two of the factors cited above were held not sufficient to per se require a finding of responsibility. *Monday v. United States,* 421 F.2d 1210, 1214–15 (7th Cir. 1970) (corporate office alone not sufficient); *Godfrey v. United States,* 748 F.2d 1568, 1575 (Fed.Cir.1984) (signing checks and tax returns alone not sufficient). In the present case Terrell meets every reasonable measure of being a responsible person. See, *Mazo, supra* at 1151–1156 (5th Cir. 1979), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979), wherein the Fifth Circuit upheld the granting of a summary judgment to the United States in a similar responsible person case.

The issue which caused the Bankruptcy Court to go astray is not whether Terrell is a responsible officer—as manifestly he is—but whether there is some outstanding reason to relieve him of that responsibility. That issue will be addressed after his "willfulness" has been considered.

2. *Debtor meets the legal standard of willfully failing to pay the withholding taxes.*

The rule for determining if a responsible officer has been "willful" under 26 U.S.C., Section 6672, is simple and straight-forward.

> Evidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment on the question of willfulness. *See also Kalb v. United States* [505 F.2d 506, 511 (2d Cir.1974)], and our decision in *Moore v. United States,* [465 F.2d 514, 516 (5th Cir.1972)], cert. denied [409 U.S. 1108, 93 S.Ct. 907, 34 L.Ed.2d 688 (1973)], sustaining the correctness of a charge to the jury that the taxpayer's conduct was willful as a matter of law.

*Mazo v. United States, supra* at 1155–1156. See also, *Feist v. United States,* 221 Ct.Cl. 531, 607 F.2d 954, 961 (1979); *Brown v. United States, supra; Sorensen v. United States,* 521 F.2d 325, 328 (9th Cir. 1975); *Brown v. United States, supra; Monday v. United States, supra.*

The uncontested facts in this case make it clear, as a matter of law, that Terrell was willful. Terrell negotiated with the IRS to set up a repayment plan while the corporations were delinquent. (Memo of Dec. 6.) Accordingly, he knew the taxes were unpaid. During that same time Terrell signed both corporations' checks to pay creditors, royalties and payroll. (Memo of Dec. 6.) Terrell was thus clearly aware of the unpaid withholding taxes when he payed other creditors including the last $10,000 to Burgess Mining, Inc. (Tr. 64, 66, 68. See also Tr. 37, 39, and 60.)

Based on the Bankruptcy Court's findings, and under the uncontested evidence, Terrell meets the legal standard of willfulness under 26 U.S.C., Section 6672, as a matter of law.

3. *Responsible officers in debtor's position, because they hold employees' funds in trust, must make hard choices or suffer the consequences.*

It is clear that the Bankruptcy Court viewed Mr. Terrell's situation with great sympathy. The Court found all the facts that make Terrell a "willful" "responsible person" under 26 U.S.C., Section 6672. However, the Court decided not to impose liability because Terrell was "under the control and supervision of Mr. Burgess." (Memo. of Dec. 6.)

The Bankruptcy Court, not surprisingly, focused on the debtor, Terrell. This Court, however, must take the broader view, as the Eleventh Circuit did in a very similar case, *Roth v. United States,* 779 F.2d 1567 (11th Cir.1986). In *Roth* the Eleventh Circuit put the equities in responsible person cases into perspective:

> Initially, we must consider the nature of the funds we are talking about. They are amounts which [the Corporations] deducted from the payroll checks given to its employees for the payment of the employees' income tax and social securi-

ty taxes, together with the amount that [the Corporations] owed as Social Security taxes for the employees. Next we must realize that the statute [28 U.S.C., Section 7501] * * * makes these trust funds of the United States.

*Roth v. United States, supra* at 1570.

The funds Terrell paid to other creditors were not corporate funds but money taken from employees to pay the employees' income and social security taxes, held in trust by Terrell, among others, for the United States. The fact that a higher corporate officer instructed him does not relieve Terrell of his statutory and trust duties.

This is not the first time taxpayers have raised the Nuremberg defense of "just following orders" to a 26 U.S.C., Section 6672 penalty. *Howard v. United States*, 711 F.2d 729 (5th Cir.1983) and *Roth v. United States, supra* at 1567, are two cases squarely on point. Mr. Howard, like Terrell, was a shareholder and corporate officer in charge of day-to-day operations. Howard, like Terrell, was responsible for dealing with and paying the IRS. Unlike Terrell though, Howard made a good faith effort to fulfill his duty to pay withholding taxes, for which he was temporarily relieved of his job and instructed not to pay any bills without his boss's approval. Howard, again unlike Terrell, contacted the IRS about the unpaid tax and eventually resigned from the corporation citing the unpaid taxes in his resignation letter. On those facts the District Court granted summary judgment in favor of the United States, holding Howard liable for the taxes; the Fifth Circuit affirmed. The opinion is equally applicable to this case.

The fact that Jennings [Burgess in the present case] might well have fired Howard [Terrell] had he disobeyed Jennings' [Burgess'] instructions and paid the taxes does not make Howard [Terrell] any less responsible for their pay-

ment * * *. Howard [Terrell] had the status, duty and authority to pay the taxes owed, and would only have lost that authority after he had paid them * * *. Faced with the possibility of leaving the frying pan with only minor burns, Howard [Terrell] chose instead to stay on in the vain hope of avoiding the fire. While we appreciate the difficulty of his position, we cannot condone his abdication of the responsibility imposed upon him by law * * *. He could have paid the taxes, accepted the consequences, and thus, avoided the penalty.

*Howard, supra* at 729, 734–735.[2]

The facts in this case are an instant replay of those in *Roth*. Roth, like Terrell, was a corporate officer. Roth, like Terrell, was in charge of day-to-day operations. Roth, like Terrell, had check signing authority. Roth, like Terrell, was in charge of paying the withholding taxes to the United States. Roth, like Terrell, signed notes for the corporation. Roth, like Terrell, knew the corporation was behind in its payments of the withholding tax. Roth, like Terrell, raised the issue of nonpayment with his boss, who instructed him not to pay. The Eleventh Circuit, in reversing the jury decision, upheld the Government's position that, as a matter of law, Roth was liable. It quoted extensively from *Howard* (see portions quoted above) and adopted its results and rationale. *Roth v. United States*, 779 F.2d 1567, 1572 (11th Cir.1986). In addition, the Eleventh Circuit added the following rationale specifically applicable to "junior" responsible officers who fail to live up to their duty due to pressure or threats from "senior" officials.

We perceive a reason beyond that stated in *Howard* for rejecting Roth's argument here. That is the funds which accumulated in the [corporation's] bank account by reason of withholding the Social Security taxes and income taxes owed by employees to the federal government be-

---

**2.** The conclusion of the *Howard* Court could also well apply to the Terrell case. "We cannot help feeling that it is Jennings [Burgess] who should pay the taxes. The District Court described Jennings as 'an even more responsible person' than Howard * * *. [S]ection 6672(a) looks only to 'responsible persons' not to 'the most responsible person,' for satisfaction. Although we recognize that our holding today may appear harsh to some, we are bound to follow the law * * *." *Howard, supra* at 737. Compare *Terrell*, Memo of Dec. 8 n. 7, n. 8.

came trust funds of the United States. With respect to those funds, the federal statute created a distinct and definite obligation on every responsible officer * * *. In our view, no instruction by the president or the majority owner of [a corporation] could effectively bar an otherwise responsible officer from paying these funds in accordance with the law.

*Roth v. United States, supra* at 1567, 1572.

Clearly the Bankruptcy Court erred in light of these two cases which are squarely on point and controlling on this Court. The Bankruptcy Court's finding that Burgess "controlled and supervised" Terrell or that Terrell "understood the pervasive nature of Mr. Burgess' authority" does not overcome the rule of *Howard* and *Roth*.[3] Mr. Terrell avoided the hard choices when he was a corporate officer with signature authority over a full bank account.[4] He cannot now avoid the consequences.

### CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court was erroneous and must be reversed by this Court.

> Respectfully submitted,
> FRANK W. DONALDSON
> United States Attorney
> RICHARD O'NEIL
> Assistant United States Attorney
> By: /s/ William A. Roberts
> WILLIAM A. ROBERTS
> Trial Attorney, Tax Division
> U.S. Department of Justice

### REPLY BRIEF OF APPELLANT UNITED STATES OF AMERICA

#### Introduction

Appellee's brief makes two arguments. First, appellee asserts that the Bankruptcy Court's placement of the burden of proof on the United States was correct based on *United States v. Kontaratos*, 36 B.R. 928 (D. Maine 1984). Second, appellee urges that Terrell was not a responsible officer because Pee Wee Burgess had all the "authority" for the two corporations, hence Terrell could not be responsible. These are the issues to which they have responded. As was pointed out in the Brief of the United States, there are other significant matters bearing upon the legal issues concerning his liability including Terrell's fiduciary responsibility as a trust fund holder of employee's withheld taxes and FICA payments, and Terrell's further fiduciary duties as a corporate officer and director. Appellee is silent on these issues which the United States feels constrained to address in this Reply Brief.

### I

*The Weight of Authority and Logic Compels the Conclusion that the Bankruptcy Court Erred, as a Matter of Law, in Placing the Burden of Proof on the United States in this Responsible Person Case.*

The United States has cited, and appellee has agreed, that the unambiguous law in responsible officer cases is that the burden of proof is on the taxpayer. *Appellee's Brief*, pages 11 and 12. The Bankruptcy Court decided that the equity principle of "fresh start" in bankruptcy outweighed the rationale (which was not discussed by the Bankruptcy Court) for the tax rule and therefore decided the United States had the burden of proof. This is a novel position. Appellee has been able to cite but one case to support this position, that being a case

---

**3.** Indeed, it would stand corporate law on its head for this Court to endorse the Bankruptcy Court's findings. Burgess was not an officer, director or shareholder in either corporation. To allow Terrell, who was an officer and director of both corporations, to ignore his fiduciary duties and claim that he was under the "control and supervision" of an employee that was neither an officer, a director or shareholder, would be—to state the matter mildly—a startling new development in corporate law.

**4.** Judge Acker of this District ruled on September 17, 1986 in another responsible person case that "[t]he crucial criterion is not the *exercise* of authority but the *possession* of authority." *Luhrs v. United States*, CA 86–AR–0310–M, Memo. Op. 4 (N.D.Ala. Sept. 17, 1986) (emphasis in original) [Available on WESTLAW, DCT database].

from Maine, *United States v. Kontaratos*, 36 B.R. 928 (D. Maine 1984). As this issue seldom rises to the forefront of responsible officer cases there are few published opinions directly on point. However, the two other cases on point both state that the taxpayer has the burden of proof, *In re Summers*, 32 B.R. 861 (Bankr.Ct.N.D.Ohio 1983), and *In re Bradford*, 35 B.R. 166 (Bankr.Ct.W.D.Va.1983).

While the Bankruptcy Court and Appellee emphasized only the rationale behind the Bankruptcy Act, i.e., the "fresh start" rationale, it is equally important to look at the other side of the coin. The rational for placing the burden of proof on the taxpayer in responsible officer cases is two-fold. The taxpayer has the best evidence in these cases. The taxpayer is in the best position, by far, to put the truth before the court. This rationale remains true whether the matter is in bankruptcy court, district court or tax court. Second, if the law were to be changed and the burden shifted to the government, it would encourage taxpayers/debtors to forego paying their taxes. Such taxpayers, facing financial difficulty, knowing that the government was saddled with the burden of proof while they control the evidence, would have little reason to settle their tax accounts with what funds were available. The rationale for requiring the taxpayer to carry the burden of proof is not mitigated by the bankruptcy's "fresh start" rationale.

If any doubts remain, a closer look at *Kontaratos* and its rationale tips the balance. The reason Section 362(a)(5) of the Bankruptcy Code stays the assessment is to prevent the Internal Revenue Service from acquiring liens or levying upon the assets of the debtor and thereby circumventing the authority of the bankruptcy court, or the claims of other creditors.

This reason for Section 362(a)(5) has nothing to do with which party is best positioned to prove the issue. Close analysis of the syllogism used by the *Kontaratos* court makes the logic fault therein obvious.

> No assessment has been made ... [an assessment] is prevented by the automatic stay ... [ergo] the proof of claim is not entitled to any presumption of its correctness.

*Kontaratos, supra*, at 931. For the purpose of burden of proof where no tax assessment has been made, it may fairly be stated that the proof of claim takes the place of the assessment. The assessment is blocked for good reason: to stop the Internal Revenue Service from levying. The reasons for making the taxpayer/debtor carry the burden of proof have not changed. The proof of claim becomes the new starting point and is, as the appellee admits, *Appellee's Brief,* page 16, entitled to the presumption of correctness.[1]

## II

### *Terrell, Because of his Status, Duty and Authority, is a Responsible Person of Both Corporations, and his Actions were Willful*

It does not take a close reading of appellee's brief to note that they believe this case turns on Terrell's "authority".[2] And under *Mazo* the appellee is correct that authority is required. "Responsibility is a matter of status, duty and authority." *Mazo v. United States*, 591 F.2d 1151 (5th Cir.1979), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Appellee has acquiesced that he had the requisite status and duty. And we will not repeat the long list of factors used to determine whether one has that "status, duty and *authority*" to be a responsible officer, as

---

**1.** In *Kontaratos, supra*, at 932 the real fact issue in that case becomes clear. The government had no evidence besides the proof of claim. The Kontaratoses both testified that they became disassociated with the business which caused the tax liability at an earlier date than shown in the proof of claim. In contrast, in *Terrell*, the uncontested facts show that taxes were owed, unpaid and that Terrell was actively involved in the operation of the corporations during the time the obligations arose. It is only the application of law to those facts that is presently before this court.

**2.** See Appellee's Brief, pages 9, 10, 18, 19, 21–25, 28–35 and 37. The word "authority" was applied to Terrell in Appellee's Brief at least 57 times.

that is set forth on pages 8 and 9 of *Appellant's Brief.*

The actual issue before this court was perhaps best stated by Judge Acker. "The crucial criterium is not the *exercise* of authority but the *possession* of authority." *Luhrs v. United States,* CV–86–AR–0310–M (N.D.Ala., Sept. 17, 1986) [Available on WESTLAW, DCT database] (cited with approval in *Appellee's Brief,* page 34, copy of decision included with *Appellant's Brief,* emphasis in the original).

Appellee made much of Terrell's position *vis a vis* that of Pee Wee Burgess. "Burgess controlled, directed, and supervised Terrell's every activity." *Appellee's Brief,* page 18. Appellee termed Terrell "a puppet," "a minion" while Burgess was "dictatorial." *Appellee's Brief* pages 25, 28. Appellee's argument is somewhat analogous to the famous Flip Wilson comedy routine, only this time it is "my ex father-in-law made me do it."

The facts found by the Bankruptcy Court confute appellee's facile attempt to avoid liability, and demonstrate that, as a matter of law, he was both responsible and willful. Terrell was Treasurer and Secretary of both Cahaba and Southern Air Filters. (Memo of Dec. 5.) Terrell was actively involved in day-to-day operations, i.e., he managed the head office. (Memo of Dec. 5.) Terrell signed the corporations' checks, including payroll (Memo of Dec. 5–6.), indeed the evidence reflects he had single signatory authority.[3] Terrell signed the tax returns. (Memo of Dec. 6.) "Mr. Terrell negotiated with IRS to set up a repayment plan [for the delinquent taxes]." (Memo of Dec. 6.)[4] Terrell was a shareholder. (Memo of Dec. 6.) The uncontroverted testimony also shows that Terrell was a director of both corporations and one of four shareholders in both corporations. (Tr. 17, 43, 46, 83.) Terrell also paid other creditors, including Cahaba's last $10,000 to Burgess Mining, a company of which he

was a part owner, a director and an officer. (Tr. 64, 66, 68.)

Pee Wee Burgess, on the other hand, was an employee. He was not a director of either corporation. He was not an officer. He was not even a shareholder. He was a general manager.

To argue, as appellee does, that the Treasurer of a corporation who sits on the board of directors, and owns 25 percent of the company's stock, ran the day-to-day operations, and exercised single signature check signing authority, does not have *authority* to pay over taxes withheld from employees is absurd. Regardless of whatever authority Burgess had, such does not, indeed can not, alter the status, duty, and authority which Terrell had. Corporate officers have fiduciary obligations. Board members have fiduciary obligations. State corporate law mandates such fiduciary obligations. The Internal Revenue Code, 26 U.S.C. Sec. 6672, provides for another fiduciary obligation; namely, employees' taxes withheld from their paychecks are held in trust for the United States; such trust funds are not to be spent elsewhere. Terrell sent this trust money, in large part, to another company in which he had an ownership interest and corporate position, i.e., Burgess Mining. To hold that these numerous fiduciary obligations can be overcome by hiding behind the skirts of an employee—to say "I held these numerous positions but I had no authority"—is a legal impossibility. Indeed, in *Mazo, supra,* summary judgment was awarded in favor of the United States on both the issues of responsibility and willfulness based on essentially the same uncontroverted facts.

In the final analysis Terrell wants this court to ignore the duties imposed by his positions, by state and federal statutes, and by his fiduciary relationships and agree that an ex father-in-law so overwhelmed him that he was no longer legally responsible for acts or omissions. Appellee wants this court to ignore controlling precedent,

---

3. See Defendants Tr. Ex. 2, 3; Tr. 46, 53–54, 60, 66 which belies appellee's adroit inference that Terrell was unable to sign checks without Burgess' countersignature.

4. The first repayment plan was paid off in accord with Terrell's negotiated agreement. The second agreement negotiated with IRS by Terrell was not complied with by Cahaba. (Tr. 63.)

which has looked hard and long at the tough question: "do the fiduciary and statutory duties prevail even when complying with such duties would cost the officer his job?" In this regard appellant respectfully urges that *Roth v. United States,* 779 F.2d 1567 (11th Cir.1986) and *Howard v. United States,* 711 F.2d 729 (5th Cir.1983), flatly foreclose the avenue suggested by appellee. Finally, appellee would have this Court believe it is bound by the Bankruptcy Court unless it finds that its conclusion was clearly erroneous. The facts, however, are not in dispute. Only the legal question, on the basis of the facts found and uncontroverted testimony, of whether one in Terrell's position could be so overwhelmed by another adult so as to be no longer responsible for his acts or omissions is what is disputed. This is clearly a matter over which this Court has *de novo* review. See *Mazo, supra,* at 1151–1156 (5th Cir.1979), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). The issues in *Mazo, Howard,* and *Roth* were determined as a matter of law, and here, where the material facts are not disputed, those decisions compel a decision in the Government's favor on the issues involved.

### CONCLUSION

The United States respectfully urges that Terrell has the burden of proof and the Bankruptcy Court erred in placing it on the Government. Beyond case support for this position, review of the rationale behind the conflicting policies favors keeping the burden on the party who controls the evidence.

But, wholly without regard to resolution of any burden of proof issue, the United States is nonetheless entitled to a decision in its favor here. The material facts are not disputed, and the issues must be resolved in favor of the Government as a matter of law. The undisputed facts—indeed, the findings by the Bankruptcy Court—require the conclusion, when the controlling law is properly applied, that Terrell was one of the responsible officers of Cahaba and Southern Air Filters who willfully failed to account for and pay over to the United States the trust fund taxes withheld from the employees of those corporations.

Respectfully submitted,
FRANK W. DONALDSON
United States Attorney for the Northern District of Alabama
RICHARD O'NEIL
Assistant United States Attorney
By: /s/ William A. Roberts
WILLIAM A. ROBERTS
Trial Attorney, Tax Division
Department of Justice