In re Thomas Anthony **POIROUX,** Janice Marie Poiroux, Debtors.

**Bankruptcy No. 93–10067.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 21, 1994.

Michael B. Smith, Mobile, AL, for debtors.

William Sawyer, Asst. U.S. Atty., Mobile, AL, for I.R.S.

### ORDER

GORDON B. KAHN, Chief Judge.

This matter having come on for hearing upon the debtors' objection to claim number four of the Internal Revenue Service ("IRS"); due notice having been given; Thomas Anthony Poiroux having appeared with his attorney, Michael B. Smith, and William Sawyer, Assistant United States Attorney, having appeared for the IRS; and testimony having been taken and the matter having been taken under submission for briefing, the Court now finds, concludes, and orders as follows:

### FINDINGS OF FACT

1. The debtors filed their Chapter 13 bankruptcy petition under Title 11 of the United States Code on January 20, 1993 and relief was granted. Their Chapter 13 plan was confirmed on March 3, 1993.

2. The debtors scheduled the IRS as an unsecured priority creditor with a fixed and liquidated claim in the amount of $1.00.

3. The IRS timely filed claim number 4 on May 7, 1993, in the amount of $27,591.78 for taxes, penalties, and interest due and owing for the periods ending 12/31/87, 12/31/88, and 12/31/90. The IRS listed the claim as secured, tax liens having been previously filed on December 10, 1991.

4. During 1987 and 1988, Mr. Poiroux was self-employed as a barber and also sold used cars. He did not maintain complete books and records of accounts during this time and was unable to justify his timely filed tax returns for these time periods during an IRS audit.

5. On July 5, 1990, the debtors signed IRS Form 870 titled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" in connection with the audit of the 1987 and 1988 tax returns.

6. At the trial, Mr. Poiroux testified that the IRS imputed a $600.00 profit to each car he sold in order to determine the amount of taxes he owed. He testified that this amount was incorrect, that he didn't make that much money, and that he eventually got out of the used car business because he wasn't making any money. Mr. Poiroux offered no evidence of how much money he made during the years in question or what he felt the correct amount of the IRS claim should be.

7. On August 3, 1993, in response to the filing of claim number four of the IRS, the debtors' plan payments were increased from $250.00 per month to $848.00 per month. On January 12, 1994, this case was taken under submission when it came up on the automatic dismissal docket for failure to make the increased payments pending a ruling on the instant objection to the IRS claim.

### CONCLUSIONS OF LAW

The debtors object to the amount of the IRS claim. The IRS counters that the debtors waived their right to contest the amount assessed when they executed Form 870 and that they should not be entitled to have the amount redetermined until after they pay the amount claimed by the IRS and then request a refund for overpayment. The debtors argue that the filing of the Chapter 13 petition negates the requirement of having to first pay the taxes before contesting the amount due.

A taxpayer who is faced with an audit has two choices. First, he may contest the proposed deficiency in Tax Court, where the amount due will be determined before payment is due. The alternative is to pay the deficiency assessed during the audit, file a claim for a refund and, if the refund is denied, obtain judicial review in a federal court. Form 870 allows immediate assessment of the claimed deficiency and waives the taxpayer's right to contest the amount claimed by the IRS in the Tax Court, thus foregoing option one described above. Option two, pay the money and ask for a refund, appears then to be the only alternative left.

Section 505(a) allows the Bankruptcy Court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, *whether or not paid,* and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a) (emphasis added). The emphasized clause essentially allows a taxpayer to treat the Bankruptcy Court as a "prepayment forum", like the Tax Court, and to litigate taxes which have been assessed but remain unpaid without first paying the amount of the tax due in full and seeking a refund. 1A Lawrence P. King, *Collier on Bankruptcy* para. 12.03, 12.04 (15th ed. 1993); King, *supra,* vol. 3, at para. 505.04. The IRS concedes that the debtors are not precluded from attempting to litigate their tax liability in Bankruptcy Court.

■ Turning to the merits of the objection, that the taxes were wrongly assessed, the burden of proof in tax disputes occurring in the context of bankruptcy claims litigation is on the IRS once the objecting party produces sufficient evidence to rebut the presumption that the IRS' claim is prima facie valid. *In re Compass Marine Corporation,* 146 B.R. 138 (Bankr.E.D.Pa.1992); *In re Rasbury,* 141 B.R. 752 (N.D.Ala.1992); *In re Terrell,* 75 B.R. 291 (N.D.Ala.1987), *aff'd,* *Terrell v. United States,* 835 F.2d 1439 (11th Cir.1987). However, the debtor/taxpayer must establish sufficient, specific, and credible evidence to call into question a presumptively correct claim, especially where the taxes at issue have been assessed prior to bankruptcy. *Rasbury,* 141 B.R. at 758; *In re*

*Dakota Industries, Inc.,* 131 B.R. 437 (Bankr.D.S.D.1991); *Terrell,* 75 B.R. at 295. The debtor has failed to meet this burden. The only evidence offered by the debtor was his testimony that, in his opinion, the IRS was wrong. He has no books or records to back up his claim of lower taxable income. Accordingly, the debtors' objection to the claim of the IRS is due to be overruled and the claim allowed as filed.

■ This case was also taken under submission on January 12, 1994, when it came up on the automatic dismissal docket for failure to make the increased payments called for by Order of this Court dated August 3, 1993. Because the Court is overruling the debtors' objection to the IRS claim and allowing said claim in the amount filed, the Court is of the opinion that the debtors should be allowed to amend their Chapter 13 plan to increase their payments to an amount sufficient to pay off their creditors, including the IRS, within 60 months from the date of filing the Chapter 13 petition. However, if said amendment is not filed within ten (10) days of the date of this Order, an order of dismissal shall be entered with a 180 day injunction. Now, therefore, it is

### ORDER

ORDERED, that the debtors' objection to claim number four (4) of the Internal Revenue Service be, and it hereby is, OVERRULED and claim number four (4) of the Internal Revenue Service be, and it hereby is, ALLOWED AS FILED; and it is further

ORDERED, that the debtors be given ten (10) days from the date of this Order to amend their Chapter 13 plan to increase their plan payments to an amount sufficient to pay off their creditors, including the IRS, within 60 months from the date of filing their Chapter 13 petition; provided however, that if said amendment is not filed within ten (10) days of the date of this Order, an order of dismissal shall be entered with a 180 day injunction.