**In re Ira P. and Sharon L. MASON.**

**Bankruptcy No. 89–12724–HAL.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 6, 1990.

Bros., Inc., the other, Union Pharmacy, Inc. They each owned 50% of the stock and each had originally invested $25,000. Ira was president of both, and Norman was treasurer of both pharmacies. The brothers both had check writing authority and each spent approximately fifty percent of his time in each of the locations. The bookkeeper worked primarily at Mason Bros., Inc. and the business records were kept at that address. Norman handled most of the financial affairs; he signed the tax returns and most of the checks, although the evidence showed that Ira did sign checks for trade creditors who required payments, especially during 1989 when the financial position of the businesses had so far deteriorated that their suppliers stopped extending credit and insisted upon payment on delivery.

Both brothers received their weekly pay checks of $975. throughout 1989, 1988, and part of 1987. Some of these paychecks were signed by Ira, however, most were signed by Norman because, at some point in 1989, Ira had apparently become so concerned with the financial status of the pharmacies, that he refused to sign any checks. Nonetheless, Ira took no steps to see that trust fund taxes were being paid; he continued to receive his full pay check and was perfectly willing to have his brother pay over $50,000 in bills for the month of August alone, despite the fact that trust fund taxes of Mason Bros., Inc. for the first quarter 1987, in the amount of $9,257.94 and second quarter of 1989 in the amount of $7,774.53, as well as the trust fund taxes of Union Pharmacy for the second and third quarters of 1989 in the amounts of $5,863.37 and $5538.99, were not paid.

While the evidence was disputed, this Court finds that Ira knew, from the accountant's fiscal 1987 and 1988 financial statements, that the first quarter 1987 trust fund tax had not been paid, and that, although Norman claimed to have paid the tax, Ira knew that the check had been returned due to insufficient funds. It was also clear from the financial statements

## FINDINGS AND RULINGS ON RESPONSIBLE PERSON LIABILITY

HAROLD LAVIEN, Bankruptcy Judge.

The Mason brothers, Ira and Norman, operated two drug stores, one, Mason

that paying the trust fund taxes would become increasingly difficult. From conversations with Norman, Ira knew that the second quarter and third quarter 1989 trust fund Form 1041 Return had been filed without a payment. He knew about the nonpayment of the second quarter tax by the end of July or the first week in August of 1989; yet, Ira continued to draw his full salary. In addition, he took no steps to prevent the payment of over $50,000. to other creditors during the month of August. In fact, there was some evidence that after Ira knew of this non-payment, he took to cashing four figure third-party accounts receivable checks for his own purposes, rather than route the funds to the taxing authorities. His defense, ably presented by counsel, was in essence: "I knew no evil, I saw no evil, I did no evil. My brother didn't tell me what he was doing. I just wanted to keep the business going so I could get my pay and I didn't want to know how my brother was doing it." Ira Mason's brother's shoulders are not that broad. Norman declined the hero's role and testified that their financial problems had been a constant topic of their discussion. It is clear that Norman Mason was Ira's designated agent in the deliberate nonpayment of trust fund taxes, as both brothers hoped business would improve so that they could repay this forced loan from the Internal Revenue Service.

26 U.S.C. section 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

"Person" is defined in 26 U.S.C. section 6671 as follows:

The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs.

This Court must first determine whether Ira Mason was a "responsible person" for purposes of the statute. It was argued for Ira Mason that he did not "as a practical matter" have control over what creditors were paid and when, and that he merely engaged in "day-to-day retail operations, filling prescriptions and dealing with customers." In an attempt to disavow responsibility, Ira Mason's finger was quick to point at his brother Norman.

The burden of persuasion to prove lack of control is on the person who challenges a section 6672 assessment. *See United States v. Rexach*, 482 F.2d 10, 16–17 (1st Cir.), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); *United States v. Pompanio*, 635 F.2d 293, 296 (4th Cir.1980). Ira Mason has not met this burden. Although the evidence showed that Norman Mason did sign the majority of company checks, it showed that Ira, too, had such authority and that he did in fact do so when it suited his purposes.

Furthermore, as it was noted by Senior Circuit Judge Rosenn "Courts have explicitly given the word 'responsible' a broad interpretation," *Caterino v. United States*, 794 F.2d 1, 5 (1st Cir.1986), citing *Commonwealth National Bank of Dallas v. United States*, 665 F.2d 743, 757 (5th Cir. 1982). The First Circuit Court analyzed precedent:

They have fashioned an elastic definition predicated upon the function of an individual in the employer's business, not the level of the office held: whether the person had the power to determine whether the taxes should be remitted or paid or had "the final word as to what bills should or should not be paid and when." *Adams v. United States*, 504 F.2d 73, 75 (7th Cir.1974) *cert. denied sub nom. Estate of Klein v. Commissioner*, 421 U.S. 991, 95 S.Ct. 1998 [44 L.Ed.2d 482] (1975). In the context of this case, "the word 'final' means significant rather than exclusive control over the disburse-

ment of funds." *Neckles v. United States*, 579 F.2d 938, 940 (5th Cir.1978); *Emshwiller v. United States*, 565 F.2d 1042, 1045 (8th Cir.1977); *Adams*, 504 F.2d at 75.

The evidence showed that Ira Mason did have the ability to significantly determine the business disbursements during all time periods in question. Although Ira chose to leave much of this work to his brother, it did not undermine his authority to pay creditors when he saw fit to do so. "Delegation will not relieve one of responsibility; liability attaches to all those under the duty set forth in the statute." *Harrington v. United States*, 504 F.2d 1306, 1311 (1st Cir.1974). Under section 6672, liability extends to "any person required to collect, truthfully account for, and pay over" withholding taxes, "any 'responsible person' in tax jargon is not just the employer and not just the most responsible person." *Wright v. United States*, 809 F.2d 425 (7th Cir. 1987), citing *Howard v. United States*, 711 F.2d 729, 737 (5th Cir.1983). This Court finds that Ira Mason was a "responsible person" for purposes of section 6672.

■ This Court must next determine whether Ira Mason acted "willfully" under section 6672. It was argued for Ira Mason that all of the IRS's arguments concerning "willfulness" were predicated on Ira's actual knowledge that taxes had not been paid for the relevant periods, but that the evidence would show that Ira Mason had no actual knowledge that this was the case.

This Court finds that Ira Mason had such actual knowledge that withholding taxes had not been paid at such time as Ira saw fit to pay himself and other creditors of the pharmacies. Ira Mason suggested in testimony that his brother Norman effectively and deliberately misled him with regard to tax payment. This Court does not find such a scheme to be credible. Norman Mason did testify that he had represented to Ira and to others that a certain tax payment had been made, when, in fact it had not. Norman explained that he made these representations at a time when he himself thought this to be true. The check, however, was subsequently returned for insufficient funds, a fact of which, according to Norman, Ira was aware. Ira also had access to the financial statements of the accountant. Ira testified that he looked at these reports and had, in fact, discussed them with the accountant.

The First Circuit, in *Caterino*, 794 F.2d at 6 reasoned that: "[a]ny responsible person who knows the taxes are not paid and allows the business to pay other creditors acts willfully," citations omitted. That Court did not, however, hold that actual knowledge was necessary to find a person liable. The Court also stated that "mere knowledge, or reckless disregard for known risks is sufficient," citing *Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir.1970).

The Court finds on the evidence that Ira Mason had "actual knowledge," however, this Court also finds that Ira Mason exercised a reckless disregard toward the risk of nonpayment of taxes in light of the companies' tenuous financial positions. It is undisputed that Ira knew they were in trouble. He admitted to paying vendors himself after business deliveries had been placed on a C.O.D. only basis, and there is evidence that he took account receivable checks and cashed them for his own purposes.

The Seventh Circuit has, in some detail, examined the standard of "recklessness" in this context:

> The cases are not clear on just where section 6672 cuts the spectrum [of "recklessness" in law]. But bearing in mind that if a high degree of recklessness were required the purpose of the statute would be thwarted, just by compartmentalizing responsibilities within a business (however small) and adopting a "hear no evil—see no evil" policy, we think gross negligence is enough to establish reckless disregard. *Wright*, 809 F.2d at 427 (7th Cir.1987).

In the *Wright* case, the Court found that the "responsible person" is liable if he:

> (1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he

was in a position to find out for certain very easily.

The conduct of Ira Mason, as previously outlined in this opinion, clearly fits within these parameters. Ira Mason was a responsible person who acted willfully for purposes of 26 U.S.C. section 6672.

The United States' claim for 100% penalty taxes against the debtor, Ira Mason is, hereby, sustained.