### In re David L. DALLAS and Debra Dallas, Debtors.

### Bankruptcy No. 91–02157–ABB.

United States Bankruptcy Court, S.D. Alabama.

Dec. 10, 1992.

Robert H. Turner, Marion, AL, for debtors, David Dallas and Debra Dallas.

Carol Koehler Ide, Washington, DC, for U.S., I.R.S.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Selma, in Said District this *18th* day of November, 1992, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the debtors' objection to the claim of the United States of America, Internal Revenue Service. Appearing for the debtors, David Dallas and Debra Dallas, was their attorney Robert H. Turner; and Carol Koehler Ide, attorney for the United States of America, Internal Revenue Service. After review of the testimony, exhibits and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The debtors, David Dallas and Debra Dallas, were formerly employed in a family business, Dallas Security, Inc. (Dallas Security). Dallas Security was based in Miami, Florida and performed security services for government and private entities. David Dallas was a Junior Vice–President until his resignation on November 21, 1988. Debra Dallas, who resigned concomitantly with her husband, was the corporation's Personnel Director. David Dallas' brother, Alfred Dallas, was the President of Dallas Security and his wife, Cora Dallas, was the corporation's Secretary.

David Dallas' duties included patrolling job sites, sitting post, attending pre-bid meetings and running errands. He made no business or financial decisions for Dallas Security. Debra Dallas was responsible for interviewing and hiring potential securi-

ty guards and assisting prospective guards obtain their occupational licenses. Debra Dallas maintained a bank account used solely for the collection and remittance of the state license fee for security guards but was not involved in the corporation's business decisions.

Even though David Dallas signed checks at the direction of his brother, Alfred Dallas made the business and financial decisions for Dallas Security. Alfred Dallas and Cora Dallas also had exclusive control over the corporation's books and records. During 1987, prior to their resignation, the debtors were apprised of problems Dallas Security was having meeting its obligations to the United States of America, Internal Revenue Service (IRS) for Form 941 withholding taxes. They were informed the situation had been remedied. Because of their respective positions with Dallas Security they had no reason to believe, nor notice to the contrary, that the withholding tax problems had not been resolved. It was not until 1989, after their resignations, that they learned Dallas Security's problems with the IRS had not been resolved.

The debtors filed their joint chapter 13 bankruptcy petition on October 11, 1991 and listed $180,000.00 as the amount owed to the IRS. The IRS filed a claim against the debtors for $449,510.21, contending that David Dallas and Debra Dallas were responsible persons who willfully refused to collect withholding taxes and therefore subject to penalties pursuant to 26 U.S.C. §§ 6671–72.

### CONCLUSIONS OF LAW

■ The IRS' claim is comprised of penalties imposed by 26 U.S.C. § 6672. Section 6672 of the Internal Revenue Code imposes a penalty on "[a]ny person required to collect, account for, and pay over any tax ... who willfully fails to collect such tax ..." The term "person" is defined in 26 U.S.C. § 6671(b) as including "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member **is under a duty** to perform the act in respect of which the violation occurs." (emphasis added). A person having such a duty is known as a "responsible person." See *Mazo v. United States*, 591 F.2d 1151, 1153 (5th Cir.1979).[1] The hallmark of a responsible person is not their title; instead, it is the degree to which they control disbursements. *Neckles v. United States*, 579 F.2d 938 (5th Cir.1978).[2] In *Mazo*, the former Fifth Circuit Court of Appeals held that before the penalty provided for by § 6672 may be imposed on an individual, that individual must not only be a "responsible person" but such person must have willfully failed to perform the duty to collect, account and pay the tax. *Id.*

■ In the context of 26 U.S.C. § 6672, the Eleventh Circuit has held that a party acts willfully "if the responsible person has knowledge of payments to other creditors after he becomes aware of the failure to remit the withheld taxes." *Williams v. United States*, 931 F.2d 805 (11th Cir.1991) (citations omitted). Once a responsible person discovers there is a deficiency in payment of taxes to the IRS, he has an obligation to remedy the situation, but only if the means of doing so are in his control. *George v. United States*, 819 F.2d 1008, 1012 (11th Cir.1987).

■ Neither David Dallas nor Debra Dallas were responsible persons within the meaning of 26 U.S.C. § 6671(b). Although both may have had knowledge that Dallas Security may have previously had a withholding tax liability, neither David Dallas nor Debra Dallas occupied a position whereby they were under a duty to collect and ensure the withholding taxes were paid

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. In *Williams v. United States*, 931 F.2d 805 (11th Cir.1991), the court identified indicia of responsibility. They include the holding of office, control over financial affairs, the authority to disburse corporate funds, stock ownership and the ability to make employment decisions. *Williams*, 931 F.2d at 810 (citing *George v. United States*, 819 F.2d 1008 (11th Cir.1987)).

over to the IRS. That Debra Dallas wrote checks is insufficient of itself to establish responsibility. Her check writing authority was limited to an account specifically established for the collection and remittance of occupational license fees from the employees to the State of Florida. This function was divorced from the business and financial decisions of Dallas Security. Furthermore, after acquiring knowledge of the withholding tax liability she was informed the problem was resolved. Thereafter, her role in the corporation did not change. She still had no duty to collect and remit the withholding taxes. It was not until after her resignation that she learned the withholding tax liability had not been resolved.

■ David Dallas had no duty under 26 U.S.C. § 6671(b). David Dallas had the title Junior Vice–President, but his duties bore scant relation to his title, which was merely nominal. His responsibilities pertained to the "nuts and bolts" of the daily operation of the corporation and was not involved in the corporation's business and financial decisions. He supervised employees and performed security functions. He had check signing authority for Dallas Security. However, he only signed checks at the direction of the corporation's president, who was responsible for the business and financial decisions of Dallas Security and who had exclusive control over the corporation's books and records. After learning the corporation had run afoul of its withholding tax obligation, David Dallas was apprised the situation had been remedied. Both before and after he acquired this knowledge his position with Dallas Security imposed no duty that would subject him to liability under 26 U.S.C. § 6672.

■ Not only were David Dallas and Debra Dallas not responsible persons, but the failure to resolve the withholding tax problem was not willful. Although both wrote checks while the withholding taxes were not paid, neither of them knew the indebtedness still existed when the checks were issued. Moreover, the means of correcting the problem were not within their control while employed with Dallas Security or after their respective resignations. *George*

*v. United States*, 819 F.2d 1008, 1011 (11th Cir.1987). When they discovered that Dallas Security was not meeting its withholding tax responsibilities neither occupied a position in which they were able to control the corporation's disbursements to its respective creditors.

Consequently, the IRS cannot exact the penalties it deems itself entitled to under 26 U.S.C. § 6672 from David Dallas or Debra Dallas. Therefore, the objection of the debtors is due to be sustained and the IRS' claim is due to be disallowed.

